In the Matter of the Discharge of Earl
WHITE.

No. 38859.

Supreme Court of Oklahoma.

Aug. 9, 1960.

Charles E. Norman, City Atty., John W. Sublett, Asst. City Atty., Tulsa, for plaintiff in error.

Lewis C. Johnson, Amos T. Hall, Tulsa, for defendant in error.

IRWIN, Justice.

On December 29, 1958, Earl White was handed a letter of dismissal as a police officer of the City of Tulsa, Oklahoma, for reported instances of conduct unbecoming an officer. The letter was over the signatures of the Chief of Police and the Commissioner of Fire and Police, of the City of Tulsa. The incident for which Earl White was dismissed occurred on the night of December 20, 1958, about four miles north of Okmulgee, Oklahoma, while Earl White was off duty. Another incident was included in the letter of dismissal involving a three day suspension from duty and for which Earl White suffered the penalty without appealing. On December 31, 1958, Earl White gave written notice requesting a full hearing before the Civil Service Commission as provided for under the charter of the City of Tulsa. On January 15, 1959, a hearing was held before the Commission resulting in that body sustaining the dismissal. Notice of appeal to the District Court of Tulsa County was then given by Earl White and a complete transcript of the proceedings before the Commission was filed in the office of the Court Clerk of Tulsa County, Oklahoma.

Upon consideration of the transcript and the argument of counsel for both parties, the trial court determined the findings of the Commission should be affirmed, but further found the penalty imposed was too severe and should be reduced to suspension without pay for ten months from December 30, 1958. From this order the City of Tulsa perfected this appeal. The plaintiff in error will be referred to as City and the defendant in error as White.

Contentions.

The city contends Earl White did not have the right of appeal from the order of the Civil Service Commission; that if the right of appeal did exist, the trial court did not have the power or authority (after affirming the findings of the Commission), to substitute its judgment for that of the Commission by reducing the punishment.

Earl White contends the language of the Charter Amendment makes the function of the Commission in this regard at least a quasi-judicial function within the meaning of Title 12, O.S.1951 § 951, and that he had the right of appeal thereunder. That having the right of appeal, the trial court had the right, power and authority to modify the penalty imposed by the Commission.

Conclusion.

In considering the first contention of the City, it is noted that Sec. 8 of art. XVI, an amendment to the charter of the City of Tulsa, does not provide that the judgment of the Commission is final and conclusive and from which no appeal will lie or does not specifically provide for an appeal from the Commission but does provide:

"* * * If after hearing the evidence, the commission shall find cause for disciplinary action it may approve or modify the action taken by the disciplinary authority, *provided any right*

*of appeal to the courts shall not be abrogated. * * *"* (Emphasis.)

We then look to the statutes to determine if the right of appeal is warranted. Title 12, O.S.1951 § 951, provides:

"A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."

With reference to this statute, the city takes the position that the Commission, sitting on appeal from the action of a department head, in meting out punishment to a city employee, is not a "tribunal, board or officer exercising judicial functions" and consequently no appeal lies from its findings and orders and cites many out of state cases in support thereof.

In reviewing the transcript of proceedings before the Commission, we note witnesses were sworn and examined and cross examined by the respective attorneys; stipulations were made and approved by the Commission; objections to the admissibility of testimony were made and rulings entered; offers of proof were made and passed upon; exhibits were offered in evidence and accepted by the Commission and arguments were made by the respective attorneys. After a full hearing, the Commission made certain findings of fact upon which its ultimate conclusion was reached and these findings together with the conclusion and judgment were reduced to writing and filed. Every act of the Commission conformed to a hearing before a tribunal.

In considering whether the Commission was exercising a judicial function or an executive or administrative function, we are privileged to consider Kutch v. Cosner, 202 Okl. 470, 215 P.2d 300; Quick v. City of Fairview, 144 Okl. 231, 291 P. 95. The cited cases originated under the statutes for removal of officers and therein this court held that such proceedings are judicial

rather than executive or administrative. The procedure for statutory removal of officers provides for a hearing which is comparable to the hearing provided for under the charter herein and we conclude the Commission was exercising a judicial rather than an executive or administrative function. We therefore hold Earl White had the right of appeal under Sec. 951, supra.

■ This brings us to the City's contention that the trial court erred in modifying the judgment of the Commission by ordering Earl White be suspended for ten months, without pay, instead of being dismissed. In considering this contention we note Sec. 951 does not provide for a trial de novo by the district court. We have held an appeal under Sec. 951 is perfected by filing in the district court a full and complete transcript of the proceedings had before the "tribunal, board or officer exercising judicial functions," including a transcript of the evidence. We have also held the district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon. We have also held that in an appeal, such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced. We have also held, if upon review, it appears that the decisions of the "tribunal, body or officer exercising judicial functions" are contrary to the law or contrary to the clear weight of the evidence, the district court may properly render such decision as should have been rendered. See Firemen's Relief and Pension Board of City of Holdenville v. Lucas, 189 Okl. 328, 117 P.2d 112; Board of Trustees of Firemen's Relief and Pension Fund of Oklahoma City v. Pelham, 180 Okl. 44, 67 P.2d 794; Board of Trustees of Firemen's Relief and Pension Fund of Town of Thomas v. Mulcahy, 189 Okl. 326, 116 P.2d 1000; and In re Gruber, 89 Okl. 148, 214 P. 690.

In the instant case, the trial court was functioning as an appellate tribunal, and made certain findings, among them being, "that the findings of the Civil Service Commission should be affirmed." We have examined the transcript of the proceedings and find that the same are not contrary to law or contrary to the clear weight of the evidence and hold the trial court abused its discretion in substituting its opinion for that of the Commission in ordering Earl White be suspended instead of being dismissed.

The cause is therefore reversed and remanded with instructions to the trial court to vacate the judgment entered on June 15, 1959, and to enter judgment sustaining the order of the Civil Service Commission.

Reversed and remanded with instructions.