653 P.2d 920 (1982)
The CIVIL SERVICE COMMISSION OF the CITY OF TULSA, Oklahoma; the City of Tulsa; Harry Stege, Chief of Police of the City of Tulsa; James Inhofe, Mayor of the City of Tulsa; Jack Purdie, Commissioner of Police and Fire; J.M. Hewgley, III, Commissioner of Streets and Public Property; John Thomas, Commissioner of Water and Sewerage; Ronald L. Young, Commissioner of Finance and Revenue; Francis Campbell, City Auditor; and Preston O. Whitson, City Personnel Director, Appellants,
v.
Thomas GRESHAM, Ronald Herwig, and Jerry McFarland, Appellees.
No. 55071.
Supreme Court of Oklahoma.
October 26, 1982.
Neal E. McNeill, City Atty., by Imogene Harris, Asst. City Atty., Tulsa, for appellants.
Thomas Dee Frasier, Frasier, Frasier & Gullekson, Tulsa, Larry L. Oliver, Tulsa, for appellees.
*921 LAVENDER, Justice:
On August 10, 1978, an incident occurred in the booking area of the Tulsa city jail involving three members of the city police department and a prisoner. The prisoner complained of alleged police brutality and violation of his civil rights. The three policemen were indicted by a federal grand jury and, upon trial, were acquitted. Thereafter, the sergeant was demoted and given a ninety-day suspension without pay, and the two officers were discharged. On March 29, 1979, the policemen filed a timely appeal before the Civil Service Commission (by charter, an autonomous volunteer citizen appellant board appointed to administer the merit system and to hear appeals of demoted, suspended or discharged city employees). Partial hearings were held before the Commission on April 18, April 27, and on May 2.
On June 6, 1979, the policemen filed a mandamus action in the district court.
On the 5th day of July, 1979, the district judge issued an alternative writ of mandamus directing defendants below to restore the officers to their former status or appear before the court on a day certain.
On June 19, the trial court ordered the Commission to reconvene within seven days and continue the hearing on a day-to-day basis to conclusion. Hearings were resumed on June 22 and the matter taken under advisement. On July 2, the Commission reconvened, four of the five member panel having attended the hearings, and the chairman announced as follows:
"For the record I wish to advise that this Commission has been unable to reach a majority vote.

*922 2 members have voted to uphold the position of the City
and
2 members have voted to modify that position by reinstating 2 of the grievants, Herwig & McFarland, after suspension of 90 days."
Thereafter, the Commission was polled. Two commissioners responded: "Sustain the City," one responded "sustain but with modification" and the fourth responded: "With modification."
The trial judge granted a writ of mandamus on August 11, 1979, ordering that Gresham be promoted to the rank and pay enjoyed by him on August 10, 1978, and that the two remaining policemen be reinstated to the rank and pay each held on August 10, 1978, further directing that the Commission reschedule the appeals and hold hearings thereon before a five-member Commission.
On March 10, 1980, the trial court rendered a "Decision on the Merits of the Case on Appeal" in which the court found and determined, inter alia:
1. After hearing on June 19, 1979, the trial court noted it had no jurisdiction to consider the merits of the case until the Commission rendered a decision, but further finding a deprivation of due process on the part of the Commission "in the numerous and lengthy delays in the conducting of the hearing, mandated that the Commission resume the hearing in progress within the next seven days, and continue the same thereafter on a day to day basis until they rendered a decision." That the hearing resumed on June 22, 1979, and evidence was presented on both that day and on June 23, 1979, when the hearing was passed by the Commission until June 29, 1979, at which time the Commission again passed the matter until July 2, 1979.
2. On July 18, 1979, the court found that the vote of the Commission constituted no vote at all, and mandated that the Commission hold a new hearing on the appeals.
3. That the parties struck a bargain that in order to break the apparent stalemate, the fifth commission member might review the record, and all five members would then revote, with the understanding that the City would withdraw an appeal theretofore lodged with the Supreme Court.
4. On September 28, 1979, the five-member Commission by a three-to-two vote sustained the original suspensions of February 8-9, upholding Gresham's suspension and demotion of March 21-22, and modifying the disciplinary action as to Herwig and McFarland from discharge to a six-month suspension without pay effective September 22, but giving Herwig an additional six months' probationary period after suspension. Of the four charges brought, each policeman was found guilty of three: (1) breach of duty to report grave infractions of prescribed conduct that could lead to adverse public reaction; (2) untruthfulness; and (3) conduct unbecoming a police officer. Gresham was also found guilty of failure to properly supervise.
5. On October 26, the policemen filed an Amended Petition for Review with the district court. Upon closing arguments of counsel, the matter comes on for decision on the merits.
6. The policemen were denied both procedural and substantive due process.
7. Having determined denial of procedural due process by reason of a lack of a speedy hearing, such defect cannot be cured by remand to the Commission.
8. The admission into evidence of a portion of the proceedings had in the federal case and rejection of other proceedings by the Commission constituted error.
9. The findings of the Commission were inadequate to afford a review on appeal to the district court.
10. The City failed to sustain by a preponderance of the evidence the order of the Commission.
11. Bias and prejudice exhibited by Commissioner Lowe during the proceedings denied the policemen a fair and impartial hearing.
*923 12. The Order of the Commission is set aside and the policemen restored to their former positions in the police department with pay together with such benefits which would have accrued to them had the disciplinary proceedings not been filed.
The legislative provisions pertinent to this appeal are footnoted below.[1]
City asserts error in the trial court's finding and determination that the written findings of the Commission were inadequate *924 to afford a review on appeal to the district court.[2] We agree.
The City Charter, Art. XVI, § 8 requires only "... it shall be the duty of the Commission to make and render in writing its findings of fact and its decision thereon." The language thus used in the charter is less requiremental than that in the Administrative Procedures Act (75 O.S. 1981, § 312). And since the Administrative Procedures Act specifically excludes municipalities from its terms (75 O.S. 1981, § 324), neither that Act nor the cases construing its requirements as to findings apply here. Rather, we must look to the decisional law and its rationale as applied to the case before us in testing the sufficiency of the findings and order. The underlying principle where statutory specificity is not mandated is that the findings of fact and the decision of an administrative agency be sufficient to afford a judicial review under the facts and circumstances of a particular case.[3]
In the case of In Re White, Okl., 355 P.2d 404 (1960), this Court had before it a case similar to the one at bar. There a police officer filed an appeal to the Civil Service Commission from an order of dismissal executed by the Chief of Police and the Commissioner of Fire and Police. The Commission sustained the order and the police officer appealed to the district court. It was there held: (1) That the Commission exercises a judicial, not an executive or administrative function; (2) the right of appeal is under 12 O.S. 1981, § 951; (3) the district court's jurisdiction is limited to the consideration of the transcript and argument of counsel; and (4) on appeal to the district court, the district court determines whether errors of law were committed in the hearing before the Commission, and whether its findings are supported by the clear weight of the evidence (in the case at bar, by charter provision, whether its findings are supported by a preponderance of *925 the evidence). Thus, a review of the record, including the evidence, by the district court is mandated. Under these circumstances, only the ultimate facts and the conclusions drawn therefrom are necessary to afford a judicial review.[4] Specific or evidentiary facts and the relative weight given them by the Commission are unnecessary in order for the district court to review whether errors of law were committed in the hearing before the Commission and whether its findings and conclusions are supported by a preponderance of the evidence as contained in the transcript. Neither are the proceedings before the Commission of such a technical or specialized nature as to require expertise beyond the expected understanding of a court.[5] We therefore hold that the findings and decision of the Commission were sufficient for judicial review by the district court.
City alleges error on the part of the trial court in its determination that there was a denial of the substantial rights of the police officers and a denial of substantial justice in the Commission's admission into evidence of a transcript of the testimony from the federal court trial of the alleged victim and of the testimony of two fellow incarceratees of the city jail who allegedly witnessed the beating of the victim, and in the Commission's rejection of certain evidence pertaining the victim's general propensity toward violence, and finally in the Commission's refusal to admit into evidence 29 affidavits proffered by the policemen.
The admissibility of hearsay evidence before administrative bodies under statutory provisions which require the hearing to be informal and conducted in accordance with the rules of evidence generally followed before administrative tribunals and without technical adherence to those rules which prevail in a court of law, appears to be one of first impression in this state.
We take note of four cases handed down by this Court wherein a necessary and vital element to support a workmen's compensation claim under workmen's compensation statutes as then constituted depended upon hearsay evidence. Those cases are: Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766 (1948); Terry Motor Company v. Mixon, Okl., 336 P.2d 351 (1959); G.T. Harvey Company v. Steele, Okl., 347 P.2d 802 (1959); and Southwestern Bell Telephone Company v. Nelson, Okl., 384 P.2d 914 (1963). In each case, we held that hearsay evidence was inadmissible. However, the precise question before us here was not addressed in any of these cases. In none of the cases was there a statutory provision exculpating the administrative proceedings from technical rules of evidence, nor was the question of error in admitting hearsay evidence where there is other direct evidence to support the finding independent of the hearsay evidence involved.
A careful review of the record in the case before us discloses that there was a preponderance of evidence supportive of the charges against the policemen without resort to the hearsay evidence which evidence is credible and of probative and convincing force.
We agree with the observations of the Michigan court in the case of Reck v. Whittlesberger, 181 Mich. 463, 148 N.W. 247 (1914) that the rule against hearsay evidence is more than a mere artificial technicality of the law; that it is founded on the experience, common knowledge, and common conduct of mankind; that its principles are generally understood and acted upon in any important business transaction or serious affair in life; and that in such matters men refuse to rely on rumor or what someone had heard others say, and demand the information at first hand. These principles have impelled many courts to hold that hearsay not admissible in a judicial proceeding is likewise inadmissible in administrative proceedings, notwithstanding statutory provisions freeing the administrative agency *926 from the duty to observe common-law or statutory or "technical" rules of evidence.[6]
We therefore hold that the Commission correctly excluded the 29 affidavits proffered by the policemen from the evidence. We likewise hold that the transcript of testimony from the federal court was erroneously admitted into evidence. While City contends that the transcript was admissible under 12 O.S. 1981, § 2804 B 1, there was not a sufficient showing of the unavailability of the witnesses which is prerequisite to the transcript's admission into evidence.
However, having determined that the transcript was erroneously admitted into evidence, there remains the question of whether the error was harmless. Under the record in this case, as we have heretofore pointed out, it is apparent that the transcript evidence was cumulative and there was a preponderance of the evidence in support of the Commission's findings on the charges exclusive of the hearsay evidence. We therefore deem the admission of the transcript into evidence to be harmless error.
We further hold that the Commission properly excluded from the evidence proffered testimony concerning the alleged victim's predilection toward physical violence manifested prior to the incident which resulted in the charges against the policemen for the reason that it was too remote in time and not of sufficient probative force to disprove the charges of which the policemen were found guilty, to wit: (a) failure to properly report grave infractions of prescribed conduct that could lead to adverse public reaction if known; (b) untruthfulness; and (c) unbecoming conduct.[7]
City next asserts that the trial court committed error in its determination that the policemen were denied due process by reason of delay in the prosecution and conclusion of the proceedings before the Commission on appeal.
The Tulsa City Charter, Art. XVI § 8 provides in part: "* * * and the Commission shall hold a public hearing within twenty (20) days from the receipt of (the request for hearing on appeal to the Commission)." The hearing before the Commission was commenced on April 18, 1979, within twenty days from the receipt of the request therefor, but was protracted through a series of delays and partial hearings, culminating in a decision by the Commission on September 28, 1979.
While the charter purports to prescribe the holding of a public hearing within twenty days from receipt of a request therefor, we do not construe the language therein to purport to require that a hearing begun within twenty days must be concluded within any prescribed time. Therefore, our inquiry is limited to the requirements of due process where a hearing on appeal to the Commission from disciplinary action taken against policemen in the manner prescribed by municipal procedures relating thereto is timely begun, but thereafter continued and resumed by the Commission until final conclusion, there being no legislative deadline within which the hearing and determination shall be concluded.
This Court has said in First Nat'l Bank v. Okla. Savings & Loan Bd., Okl., 569 P.2d 993 (1977) that due process requires realistic notice and an opportunity to be heard at a meaningful time in a meaningful manner.
In Umholtz v. City of Tulsa, Okl., 565 P.2d 15 (1977), we held that the expectation of continued employment is a limited or conditional property right where a municipal charter grants a right to continued employment but also prescribes conditions under which employment may be interrupted, controlled, or terminated. We further held that such limited or conditional right does not come within the protective mantle of the due process clause of the Fourteenth Amendment to the U.S. Constitution, but is within the protective ambit of Art. 2, § 6 of the Oklahoma Constitution which mandates, "The courts of justice of the State shall be open to every person, and speedy *927 and certain remedy afforded for every wrong."
In State ex rel. Roth v. Waterfield, 167 Okl. 209, 29 P.2d 24 (p. 32) (1934), we held that a statute enlarging the time to answer in a mortgage foreclosure case to nine months was a denial of a "speedy" remedy required by Art. 2, § 6 of the Oklahoma Constitution. No other applicable cases by this Court have been found directly construing this section.
In Chase v. Watson, Okl., 294 P.2d 801 (1956) (at page 805), we said, "It is not questioned that within the power of court to regulate the conduct of a trial it was largely within the discretion of the court to determine the necessity of recess and to order a recess or postponement of further consideration of the case for a reasonable time." And in Montgomery v. Moore, Okl., 292 P.2d 1040 (1956) we said with reference to a jury trial which was recessed for a period of nine days: "Such a long postponement in the course of a trial is not to be favored. But it must depend on the circumstances of each case whether such a postponement has any importance on appeal, or what, if any, prejudice resulted from such postponement, or whether the court abused its discretion in permitting or ordering such a postponement."
In the case at bar, a full day's hearing was had on April 18, during which the City presented its case and rested, and the defense presented testimony of three witnesses. The hearing was continued until April 27, when the defense presented three witnesses. Five days later the hearing was resumed for one day. The hearing was scheduled to resume on June 6, but was continued for want of a quorum of the Commission. The hearing reconvened on June 22 and continued until its conclusion, and both sides submitted briefs. Various legal proceedings followed which made further proceedings by the Commission impracticable. Then on September 28 the Commission announced its decision.
Upon applying the principles of the fore-going cases to the facts and circumstances in the case before us, we hold that there was no denial of a speedy trial, and that the Commission did not abuse its discretion with reference to the prolongation of the hearing.
City next contends that the action on the part of the Commission on July 2 constituted a decision by the Commission, and the trial court's determination to the contrary was error. While the charter authorizes a quorum consisting of four of the five members of the Commission, it further requires the action of a majority of the quorum for the Commission to act. The vote of the Commission on July 2 disclosed two voted to uphold the disciplinary action of the City, while two voted to modify the position of the City by reinstating two of the grievants after 90 days' suspension. Since such vote did not reflect the concerted act of a majority of the four Commissioners who conducted the hearing, no final valid decision was reached. By agreement of the parties, the fifth member of the Commission was permitted to review the record and thereupon cast his vote. As a result, a final, and valid, decision was reached by the vote of a majority of the five Commissioners on September 28, 1979.
In view of our holdings as above set forth, we deem it unnecessary to determine whether the trial court erred in granting a writ of mandamus against the Commission, or the other assignments of error asserted by City.
The judgment of the trial court is hereby reversed, and the decision and determination of the Civil Service Commission of the City of Tulsa as rendered on September 28, 1979, is hereby ordered reinstated as and for the final determination of the appeal to the Civil Service Commission of the City of Tulsa by Appellees.
IRWIN, C.J., BARNES, V.C.J., SIMMS, HARGRAVE and WILSON, JJ., concur.
OPALA, J., concurs in result.
NOTES
[1] A. Art. XVI, Sec. 8 of the Tulsa City Charter provides in pertinent part:

"414. Right of Appeal
1. Persons in the classified service who are suspended without pay for more than ten (10) days, removed or demoted, shall be notified of the specific cause in writing within five (5) days thereafter. A copy of such statement of cause shall be filed with the Personnel Director. Within ten (10) days from the receipt of such notice, the person affected may make a written request to the Personnel Director for a hearing before the Civil Service Commission, and the Commission shall hold a public hearing within twenty (20) days after the filing of the request. If such person shall fail to request a hearing before the Civil Service Commission as provided herein, his suspension without pay for more than ten (10) days, removal or demotion shall be final.
2. In the hearing upon a discharge or other disciplinary action before the Civil Service Commission, not less than four (4) members of the Commission shall participate. A majority vote of the participating members shall be required for a decision. The City Attorney or one of his assistants shall present the charges upon which the discharge or disciplinary action is based. The Commission shall rule upon the question of admissibility of evidence, competency, of witnesses and any other question of law. The employee may represent himself or be represented by counsel or person of his own choosing. The hearing shall be informal and shall be conducted in accordance with the rules of evidence generally followed before administrative tribunals and without formal or technical adherence to those rules which prevail in a court of law. The burden of proof shall be upon the disciplinary authority from whose action the appeal is taken and no disciplinary action shall be approved unless sustained by a preponderance of the evidence.
3. If, after the hearing before the Commission, the person is found to be suspended, removed or demoted without adequate cause, he shall be restored to his former position without loss of pay. If, after hearing the evidence, the Commission shall find cause for disciplinary action, it may approve or modify the action taken by the disciplinary authority, provided any right of appeal to the courts shall not be abrogated. It shall be the duty of the Commission to make and render in writing its findings of facts and its decision thereon."
B. 12 O.S. 1981, Sec. 951 provides:
"Appellate jurisdiction of the district court.
A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."
C. The pertinent rules and regulations governing employment with the Police Department of the City of Tulsa, Oklahoma, are as follows:
"Rule 9. Duty to Report Serious Violations:
All officers and employees have a duty to report any grave infractions of prescribed conduct by officers and employees that could lead to serious adverse public reaction if known. Such conduct shall be brought to the direct attention of the Chief of Police, and the normal chain of command procedure may be ignored.
Rule 11. Duties of a Supervisory Officer:
Supervisory officers shall be responsible for the enforcement or execution of all rules, regulations, policies, and procedures along with the regular administrative and supervisory duties. They are required to take action whenever they have knowledge of a violation.
Rule 16. Conduct Unbecoming an Officer or Employee:
Officers and employees, on duty or off duty, shall be governed by the ordinary and reasonable rules of good conduct and behavior. They shall not commit any act which tends to bring reproach or discredit upon the Department. They shall not engage in any conduct that is considered unbecoming an officer which might be detrimental to the service.
Law enforcement is a serious matter, therefore, on-duty officers and employees shall not participate in practical jokes or "horseplay" in any manner.
Rule 17. Truthfulness Required:
An officer or an employee shall be truthful at all times whether they are under oath or not.
Rule 21. Incompetence:
Officers and employee shall perform their duties in a competent and acceptable manner. General incompetence in the performance of their duties shall be grounds for dismissal.
Rule 40. Arrest:
Officer shall strictly observe the laws of arrest. Only necessary strength to assure safe custody of the prisoner and the safety of the officer shall be employed.
Use of physical force by an officer when necessary, shall be restricted to circumstances specified by law. When an officer is required to strike or use considerable force against another person, he shall submit a written report to the Chief of Police."
[2] The findings and determination set forth in the Order of the Commission on September 28, 1979, insofar as pertinent, are as follows:

(1) This is an appeal under authority of Article XVI, Section 8, of the Charter of the City of Tulsa, Oklahoma, and this Commission has jurisdiction of the parties and the subject matter.
(2) This is an appeal from a decision of the Chief of Police and the Police and Fire Commissioner of the City of Tulsa, Oklahoma, demoting the appellant Gresham from Sergeant to Police Officer and suspending him for ninety (90) days without pay, and discharging the appellants Ronald Herwig and Jerry G. McFarland.
(3) The original suspensions without pay from February 9, 1979, through March 21, 1979, should be upheld because the officers have been paid for that period of time.
(4) The preponderance of the evidence shows that Thomas Gresham violated the rules and regulations governing employment with the Police Department of the City of Tulsa, Oklahoma, specifically Rules 1, 11, 16, and 17, in that he failed to comply with the aforementioned Rules, which failure was just and sufficient cause for a ninety (90) day suspension without pay and demotion to the rank of Police Officer, and the action of the Police Department should be approved.
(5) The preponderance of the evidence shows Jerry G. McFarland violated the Rules and Regulations governing employment with the Police Department of the City of Tulsa, Oklahoma, specifically Rules No. 9, 16, and 17, in that he failed to comply with the aforesaid Rules which is just and sufficient cause for disciplinary action by the Police Department; however, the Commission finds that the discharge should be modified to a six (6) months' suspension without pay, commencing on March 22, 1979.
(6) The preponderance of the evidence shows that Ronald Herwig violated the Rules and regulations governing employment with the Police Department of the City of Tulsa, Oklahoma, specifically Rules No. 9, 16, and 17, in that he failed to comply with the aforesaid rules, which is just and sufficient cause for action by the Police Department, however, the Commission finds that his discharge should be modified to a suspension without pay for six (6) months commencing March 22, 1979, and by his return to work with a probationary period of six (6) additional months.
It is therefore ordered, adjudged and decreed that the disciplinary action of the Police Department was for just cause and the suspension and demotion of Thomas Gresham is sustained, but the dismissal of Jerry G. McFarland is modified to a reinstatement after six (6) months' suspension without pay, and the dismissal of Ronald Herwig is modified to reinstatement after a six (6) months' suspension without pay and a probationary period for an additional six (6) months after reinstatement.
[3] 146 A.L.R. 209; Southwestern Public Service Co. v. State, Okl., 637 P.2d 92 (1981).
[4] See 2 Am.Jur.2d Administrative Law § 456 for a definition of the distinction between "ultimate facts" and "specific facts."
[5] Southwestern Public Service Co. v. State, supra, (pra. 101).
[6] 36 A.L.R.3d 39, et seq.
[7] 29 Am.Jur.2d Evidence §§ 346, 348.