CITY OF MUSKOGEE, Appellee,

v.

Norman GRAYSON, Appellant.

No. 70310.

Supreme Court of Oklahoma.

Oct. 8, 1991.

Jim McClure, Muskogee, for appellant.

Steve Cousparis, City Atty., Muskogee, for appellee.

SIMMS, Justice:

Norman Grayson appeals a Muskogee County District Court judgment which reversed a ruling made by the City of Muskogee Merit System Board reinstating him as a Lieutenant in the Muskogee Police Department. The Court of Appeals held that there was a rational basis for the conclusion of the "administrative" board and reversed the district court judgment.

Certiorari was granted to determine whether the correct standard of review was applied and whether the district court erred in holding that the Merit Board acted contrary to law and beyond its authority. Because the Court of Appeals applied an administrative standard of review in this case which involves a judicial function, we vacate the opinion of the Court of Appeals and affirm the district court. The facts are undisputed.

Grayson, a detective in the Muskogee Police Department, was "assigned" to the position of Lieutenant and received an increase in pay as a result. After performing the duties of a lieutenant for more than a year, he was reassigned back to his detective position and its relative pay. Twenty months later, he filed a grievance against appellee, the City of Muskogee (City), with the Merit System Board of Muskogee, a three member board established by the Muskogee City Charter to enforce the rules and regulations for the administration of the Merit System of the city, supervise all examinations for all qualifying applicants for employment and serve as a tribunal to hear appeals from employees demoted, suspended or discharged by the city. Charter for the City of Muskogee, Oklahoma, §§ 4:04, 4:05, and 4:11.

At a hearing before the board, Grayson argued and presented evidence that the first assignment was actually a "promotion" to Lieutenant and that the reassignment was a wrongful "demotion." The Chief of Police testified that Grayson's status as a lieutenant was merely a "temporary assignment out of classification" to meet specific needs of the police department. After hearing the evidence and arguments of counsel, the board members voted two to one in favor of Grayson and reinstated him as a lieutenant with concomitant pay. City appealed to the district court which heard arguments and reversed the Merit System Board's decision on the grounds that it was contrary to law and exceeded the board's authority under the Charter of the City of Muskogee. However, the trial court's journal entry is void of any specifics as to why the decision was contrary to law or how the board exceeded its authority.

Grayson appealed, and the Court of Appeals reversed the trial court, erroneously applying a two fold standard of review.

In the case of *In the Matter of White,* 355 P.2d 404 (Okla.1960); *Civil Ser. Comm. of the City of Tulsa v. Gresham,* 653 P.2d 920 (Okla.1982). In *White,* the City of Tulsa appealed from a district court ruling which affirmed and modified a decision of the Tulsa Civil Service Commission. The commission had sustained the City of Tulsa's dismissal of White, a police officer. Based upon precedent, this Court held that the commission exercised a *judicial function* in hearing the officer's appeal from dismissal and that the trial court properly heard the appeal under the authority of 12 O.S.1981, § 951.[1] Further finding that the transcript revealed that the commission proceeding and ruling was not contrary to law or contrary to the clear weight of the evidence, this Court reversed the trial court judgment and sustained the order of the commission.

*White* was later cited as authority in *Gresham,* in which this Court reviewed the district court reversal of another ruling of the Tulsa Civil Service Commission. We found that this commission was an autonomous volunteer citizen board appointed to administer the merit system and to hear appeals of demoted, suspended or discharged city employees. Hence, the functions performed by the commission in *Gresham* are identical to those of the Muskogee Merit System Board in the case at bar. In *Gresham,* two police officers were discharged and their supervising sergeant was demoted and suspended for ninety days without pay for alleged police brutality. The commission heard the policemen's appeals, and voted to sustain the suspension yet modify the discharges to six-month suspensions without pay.

The district court set aside the commission's order for procedural and substantive due process errors committed by the commission and restored the officers to their respective positions with pay.

On appeal, this Court reaffirmed *White* by holding that the commission exercises a judicial, not an executive or administrative function and that the district court's jurisdiction is limited to the consideration of the transcript and argument of counsel. We further held that on appeal, the district court determines whether errors of law were committed in the hearing before the commission, and whether its findings are supported by the clear weight of the evidence. In order to make these determinations, the district court must review the record, including the evidence presented, and draw the ultimate facts and conclusions therefrom.

■ In the case at bar, we again embrace *White* and *Gresham* and hold that the Muskogee Merit System Board exercises a judicial function and not an administrative function as the Court of Appeals apparently held. The proper standard of review for the district court in this case is whether errors of law were committed by the Merit System Board, and whether the board's findings are supported by the clear weight of the evidence. The trial court found that "the decision of the Merit System Board is contrary to law and exceeds their authority under the Charter of the City of Muskogee, the ordinances and the rules and regulations adopted thereunder." We need only agree that the board ruling was contrary to law.

■ In holding that Grayson was to be accorded permanent status as a Lieutenant, the Merit Board relied upon an earlier unpublished opinion by the Court of Appeals titled *Kucera and Acevedo v. City of Muskogee,* Case No. 67,335. In *Kucera,* the court ruled that two Muskogee patrolmen who were upgraded to detective positions for over a year acquired permanent status as detectives due to the length of time they served in that capacity. The rationale for

---

**1.** Title 12 O.S.1981, § 951 which governs the appellate jurisdiction of the district courts, provides as follows:

"A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."

the *Kucera* holding was grounded upon § 4:11(d) of the City Charter for the City of Muskogee which provides for appointed employees to serve a one year probationary period. The Court of Appeals interpreted this provision to mean that after the one year period had expired, the appointed employees were then "considered permanent employees in the detective positions." Mandate issued in the *Kucera* case without this Court reviewing the decision handed down.

*Kucera* is not controlling here for several reasons. First, *Kucera* is not the law of this case because Grayson's status as a lieutenant or detective was not before the court. Second, counsel for City notes that the specific ruling made by the court as to Kucera's and Acevedo's permanent status was *dicta* because it was not an issue before the court. Rather, the appeal concerned two issues only: (1) whether the Muskogee Merit System Board had exclusive jurisdiction over their rights as police officers regarding promotion and demotion, and (2) whether the City of Muskogee was obligated to comply with the board's decision regarding Merit System employees, subject to appeal to district court. The Court of Appeals answered both in the affirmative and went further by adding a finding as to the patrolmen's status as detectives. Thus, the Merit System Board committed error by applying *Kucera* as the law pertaining to Grayson in his case before them.

The board further based its decision upon the city charter with one member specifically mentioning § 4:08 thereof as authority. This section provides:

"In event no properly qualified applicants are available for the jobs the administrative officer may make provisional appointments for terms of not to exceed three months in any one fiscal year."

Apparently, the majority of the board interpreted Grayson's one-year assignment to lieutenant as a "provisional appointment" which became a permanent position once the time period had elapsed. They also relied upon the *Kucera* construction of

§ 4:11(d), *infra*, and the "probationary appointments" provided for therein. However, neither § 4:08 or § 4:11 support the result the board reached in this case.

During the hearing, Grayson testified, as did the Chief of Police, that prior to being assigned lieutenant duties, an eligibility list for promotions to lieutenant was created. This list contained the names of three police officers who had scored highest in examinations and interviews for promotion to any lieutenant positions that might come open. Both men further testified that Grayson was not a candidate listed on that eligibility list. Thus, by his own testimony, Grayson noted that there were "properly qualified applicants" available for a lieutenant position. The Chief of Police also testified that no lieutenant position was open for promotion at the time that Grayson was assigned to the position, but rather, Grayson was assigned out of his normal classification to fill a need that existed. Hence, § 4:08 is not applicable because Grayson's assignment was not a provisional appointment subject to a three month period.

Section 4:11(d) of the charter provides as follows:

"Appointments from the eligibility list shall be made for a probationary period of one year and upon successful completion of the year and recommendation by the Department Head at the end of that year and approval by the Manager said employee is entitled to all benefits of this Merit System."

This section likewise does not apply because Grayson was not appointed from the existing eligibility list. Indeed, he was not even listed upon it. Nor was any evidence presented to show that his appointment to a new lieutenant position was approved by the City Manager as required by § 4:07(b) and 4:11(c) of the charter. Thus, his assignment was not subject to the probationary period requirements. Neither of the charter provisions relied upon by Grayson apply in this case.

Therefore, having found that the decision of the board lacks any basis in the City Charter of the City of Muskogee, we must

agree with the district court that such decision was contrary to law.

The judgment of the district court is AFFIRMED.

All the Justices concur.