**Doug TUTTLE, Appellee,**

v.

**Evalyn PILANT, as Mayor of the City of Bristow, Oklahoma; Mike Newell, as Chief of Police of the City of Bristow, Oklahoma; the Personnel Board of the City of Bristow, Oklahoma, comprised of Everett Morton, Chairman, and Clyde Leforce, Member; and the City of Bristow, Oklahoma, a municipal corporation, Appellants.**

No. 74055.

Supreme Court of Oklahoma.

Dec. 13, 1994.

29. *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988).

30. *Federal Deposit Ins. Corp. v. Moss,* 831 P.2d 613 (Okla.1991).

Jack B. Sellers, Sapulpa, Kathy Evans Borchardt, Laura Emily Frossard, Tulsa, for appellees.

Shelia D. Tims, R. Brown Wallace, C. Brad Henry, Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Kelly Hake, City Atty., Bristow, for appellants.

LAVENDER, Vice Chief Judge.

The first issue presented is whether it is within the authority of the district court to examine new evidence regarding back pay and benefits of a terminated employee when the district court was acting under its appellate jurisdiction in reviewing the personnel board's decision to terminate an employee. We hold that the district court was acting as an appellate court under 12 O.S.1981 § 951 and the court could not allow and consider new evidence regarding damages. Further, we find that Employee was required to bring a separate action regarding his cause of action for damages inasmuch as the administrative process did not allow for an award for damages.

### FACTS

On August 4, 1982, the police Chief, Mike Newell, of the City of Bristow (City), distributed a memorandum to his officers directing them to issue five red light citations per shift, or give a reasonable explanation why fewer citations were given. The memo also stated the officers had not been properly completing their daily reports, and future compliance was expected. Chief Newell warned that failure to obey the order would result in a serious reprimand that would go into their personnel file, and that a second warning would be more serious. Nothing marked the memorandum as *confidential.* Several officers expressed reservations about the judgment and legality of the directive, and approached Chief Newell with their concerns.

The following day, after several requests from the officers for further discussion of the directive, Chief Newell called a second meeting. He then distributed a second memorandum that was identical with the first except the officers were now charged with making five *written contacts* rather than five cita-

tions. During the meeting, a Tulsa newspaper telephoned for information about the first directive. The newspaper informed Chief Newell that one of his officers had anonymously given a copy of the memo to the newspaper. When Chief Newell confronted the officers, Appellee, Doug Tuttle (Tuttle) confessed to informing several members of the media, and the public, about the memo.

Tuttle was notified by letter, dated August 13, 1982, that he was fired from the Bristow police department. The reasons given by the City for Tuttle's termination were: 1) insubordination; 2) violation of written policy; 3) inefficiency; and 4) conduct unbecoming an officer. The last paragraph of the letter stated:

YOU MAY APPEAL THIS DISMISSAL IN WRITING WITHIN 10 DAYS TO THE BRISTOW PERSONNEL BOARD. SUCH APPEAL MUST BE FILED WITH THE SECRETARY OF THE BOARD OR WITH THE CITY CLERK FOR TRANSMITTAL TO THE BOARD WITHIN 10 DAYS AFTER RECEIPT OF THIS NOTICE.

Tuttle requested the City's Personnel Board (Board) to reverse his dismissal. In a memorandum accompanying his appeal to the Board, Tuttle requested he be reinstated with full back pay as a remedy for his wrongful discharge. His request was denied and he appealed to the district court of Creek County, pursuant to 12 O.S.1981 § 951. The district court upheld the decision of the Board. The Court of Appeals, in an unpublished opinion, reversed the district court's decision holding Tuttle's dismissal was not supported by substantial evidence. The Court of Appeals did not address the issue of damages. We previously denied certiorari and therefore, the issue of Tuttle's reinstatement is not before us on appeal.

Before the district court, the City filed a motion to remand the case to the Board for an initial factfinding review on the issue of damages. The motion was denied. In January 1989, the district court ordered Tuttle be reinstated at the position and pay he would

have achieved had he not been terminated. The court also ordered a nonjury trial for introduction of evidence to determine back pay, set-offs, attorney fees, interest, and contributions to the Police Pension and Retirement System. Eventually, the court ordered damages and interest based on the evidence presented at that trial. At a later hearing, the district court awarded attorney fees.

## I.

The initial question presented is whether the district court had authority to accept new evidence and render judgment on Tuttle's claim for back pay and benefits. City argues that pursuant to 12 O.S.1981 § 951, the district court lacked jurisdiction to request and consider new evidence in that the court was acting as an appellate court. We agree. Section 951 states:

**Appellate jurisdiction of the district court**

A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law.

We held in *In re White*[1] that section 951 does not allow for a trial *de novo* by the district court.

[A]n appeal under Sec. 951 is perfected by filing in the district court a full and complete transcript of the proceedings had before the "tribunal, board of officer exercising judicial functions," including a transcript of the evidence. We have also held the district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon. We have also held that in an appeal, such as we perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced. We have also held, if upon review, it appears that the decisions of the "tribunal, body or officer

---

1. 355 P.2d 404 (Okla.1960); *City of Muskogee v. Grayson,* 818 P.2d 491, 493 (Okla.1991).

exercising judicial functions" are contrary to the law or contrary to the clear weight of the evidence, the district court may properly render such decision as should have been rendered.[2]

In *White,* we further said that where an entity established by a city charter "holds a hearing to determine whether a city employee should be discharged by a department head, swears witnesses, hears oral testimony, receives stipulations made by the respective attorneys, passes on objections to admissibility of testimony admits exhibits in evidence, passes upon offers of proof, hears argument of counsel for both parties and submits written findings of facts and enters judgment thereon, the Commission in conducting such hearing exercised a *judicial* rather than an executive or administrative function."[3]

There is no question that under *White,* the Board was acting in a judicial capacity in reviewing Tuttle's termination. Likewise, under § 951 and *White,* the district court was acting as an appellate court and limited in its jurisdiction to review the record presented to the Board below regarding the termination. Once, the district court reinstated Tuttle, its responsibility was concluded.

However, this is not what occurred. Rather, the district court accepted new evidence and rendered judgment on the basis of that evidence. This evidence was not properly before the court because the court could not conduct a trial de novo. Thus, the appellee's attempt was "fraught with a fatal remedial impediment that bars judicial relief"[4] in the proceeding. Because the district court was not authorized to render its decision, we reverse the district court's damage award.

## II.

Whether Tuttle has, a viable damage claim is not herein decided. We simply hold a separate action would be required to determine the question of his entitlement to damages. The City's ordinance is silent regarding the issue of back pay or other damages resulting from a termination. The City maintains that the Board did not have the authority to address the damage claim because neither the constitutional and statutory framework, nor the city charter for the City of Bristow, provides for such a determination. Rather, the Board is charged with hearing and deciding the rightfulness or wrongfulness of an employee's discharge and this is the only remedy allowed for under the ordinance.

Article 7 § 7–5 of the city's charter states "if the board finds that the layoff, suspension, demotion, or removal was made for a political reason or reasons or for any other reason or reasons than the good of the service, it shall veto the layoff, suspension, demotion, or removal, and the action by the mayor or other authority shall be nullified thereby." City argues this allows only for the *reinstatement* of the officer. We agree.

While clearly municipalities may provide in their charters or ordinances for back pay awards, there is nothing requiring them to do so. In that the City of Bristow has not chosen to provide for such a determination, this court will not impose such an obligation on the Board. The employee was reinstated and that ended the administrative review process and the authority of the district court.

## CONCLUSION

The remaining issues presented for our review need not be addressed given our holding herein. Accordingly, the decision of the district court to reinstate Tuttle is **AFFIRMED** and the award of damages is **REVERSED.**

SIMMS, HARGRAVE, OPALA, ALMA WILSON and KAUGER, JJ., concur.

HODGES, C.J., concur in part; dissent in part. I would reinstate the judgment of the trial court.

---

2. *In re White,* 355 P.2d at 406; *Civil Service Commission v. Gresham,* 653 P.2d 920, 924–25 (Okla.1982).

3. *In re White,* 355 P.2d at 404 (Syllabus by the Court) (emphasis added).

4. *Lone Star Helicopters, Inc. v. State,* 800 P.2d 235, 237 (Okla.1990).

WATT, J., concur in part; dissent in part.

SUMMERS, J., dissent.