2017 OK CIV APP 6

**Dr. Margaret STRIPLING, D.O., Plaintiff/Appellant/Counter-Appellee,**

**v.**

**STATE of Oklahoma EX REL. OKLAHOMA HEALTH CARE AUTHORITY, Defendant/Appellee/Counter-Appellant.**

Case No: 114,164

Court of Civil Appeals of Oklahoma, Division No. 4.

Filed: 12/22/2016

Mandate Issued: 01/24/2017

---

Bob L. Latham, Jr., Lance Freije, Brandy L. Inman, LATHAM WAGNER STEELE & LEHMAN, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant.

Joseph H. Young, Jeremiah L. Streck, DEPUTY GENERAL COUNSEL OKLAHOMA HEALTH CARE AUTHORITY, Oklahoma City, Oklahoma, for Defendant/Appellee.

JOHN F. FISCHER, JUDGE:

¶1 Dr. Margaret Stripling appeals the district court's order dismissing with prejudice her Petition for Review seeking review of the Oklahoma Health Care Authority's decision to terminate her SoonerCare provider contract. In its counter-appeal, the Authority asserts that the district court lacked jurisdiction because Stripling failed to timely file her petition. Both appeals result from the district court's disposition of the Authority's motion to dismiss Stripling's appeal. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. The district court denied the Authority's motion seeking dismissal on jurisdictional grounds, and that aspect of the district court's order is affirmed. The district court granted the Authority's motion to dismiss pursuant to 12 O.S.2011 § 2012(B)(6), based on its finding that Stripling's petition failed to state a claim on which relief could be granted. Because that ground is inapplicable to the judicial review procedure required by 12 O.S.2011 § 951, this case must be remanded for further consideration of Stripling's appeal.

## BACKGROUND

¶2 Stripling provided healthcare services to SoonerCare members pursuant to a contract with the Authority. The Authority employed Telligen, an independent contractor, to conduct medical reviews and audits of its SoonerCare providers, including Stripling.

Telligen reported various deficiencies concerning Stripling's practice and a Corrective Action Plan was implemented to address those issues. Ultimately, Telligen determined that Stripling had failed to sufficiently correct the deficiencies it had identified and recommended termination of Stripling's contract. The Authority accepted Telligen's recommendation and terminated Stripling's provider contract.

¶ 3 Stripling requested a hearing before the Authority's Contract Suspension/Termination Panel. The Panel conducted a hearing and found that Stripling had failed to provide a "reasonable standard of care" and failed to "maintain adequate medical records." The Panel concluded that "termination of Dr. Stripling's Medicaid contract best meets the ends of justice and safeguards the welfare of SoonerCare members."

¶ 4 Stripling filed a timely appeal of the Panel's decision in the district court of Tulsa County. The Authority entered a special appearance and filed a motion to dismiss, arguing that venue was improper and that Stripling's petition failed to state a claim on which relief could be granted. The Tulsa County district court entered an order on March 2, 2015, which provided, in relevant part:

> Venue is improper in Tulsa County. This action is ordered transferred to Oklahoma County. Failure of plaintiff to tender filing fees there within 30 days will result in dismissal of this action.

¶ 5 Within thirty days of that order, Stripling filed a second Petition for Review in Oklahoma County and paid the necessary filing fees. The Authority again filed a motion to dismiss. The Authority first argued that by filing a new action rather than transferring the original action in compliance with 12 O.S.2011 § 140.1, Stripling had chosen to "abandon" and "sever[ ] critical ties to" her original petition. Further, the Authority argued that, because the Oklahoma County petition was not filed within thirty days after the Panel's contract termination decision, the district court no longer had jurisdiction to hear her case. For its second, alternative ground for dismissal, the Authority relied on 12 O.S.2011 § 2012(B)(6), and argued that

Stripling's petition failed to state a claim on which relief could be granted. The district court denied the Authority's motion on the alleged jurisdictional ground. But, based on its finding that Stripling's petition failed to state a claim for violation of her right to due process in the contract termination proceeding, the district court granted the Authority's motion pursuant to section 2012(B)(6) and dismissed Stripling's petition with prejudice. Both parties appeal their respective adverse district court rulings.

## STANDARD OF REVIEW

¶ 6 District court review of the Authority's decision is authorized by 12 O.S. 2011 § 951(a): "A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law." Section 951 "does not provide for a trial de novo by the district court." *In re White*, 1960 OK 188, ¶ 8, 355 P.2d 404; *City of Sand Springs v. Colliver*, 1967 OK 194, ¶ 0, 434 P.2d 186 (Syllabus 2) (overruled in part by *O'Rourke v. City of Tulsa*, 1969 OK 112, 457 P.2d 782).

> [A]n appeal under Sec. 951 is perfected by filing in the district court a full and complete transcript of the proceedings had before the "tribunal, board or officer exercising judicial functions," including a transcript of the evidence.... [T]he district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon.

*White*, 1960 OK 188, ¶ 8, 355 P.2d 404. "The district court, in the exercise of its appellate jurisdiction pursuant to ... § 951, is limited to considering whether the decision being reviewed should be reversed, vacated or modified." *Tuttle v. Pilant*, 1994 OK 141, ¶ 0, 890 P.2d 874 (Syllabus by the Court). The district court may not request or consider evidence not contained in the agency record. *Id.* ¶ 11. "The proper standard of review for the district court in such cases is whether errors of law were committed by the [agency], and whether the [agency's] findings are

supported by the clear weight of the evidence." *City of Muskogee v. Grayson*, 1991 OK 101, 8, 818 P.2d 491.

Although previous case law has not precisely stated the standard of review applied by the appellate court to the appeal of a district court decision rendered pursuant to section 951, we will apply the same standard of review applied by the district court in its review of the Authority's decision. *See White*, 1960 OK 188, ¶ 0, 355 P.2d 404 (Syllabus 3) (affirming the agency's decision finding, after an examination of the transcript of the proceedings, that it was not contrary to law or the clear weight of the evidence but holding the district court abused its discretion in modifying the decision). *See also Grayson*, 1991 OK 101, ¶¶ 18–19, 818 P.2d 491 (affirming the district court's appellate ruling finding the agency's decision was contrary to law); *Burdick v. Indep. Sch. Dist. No. 52 of Oklahoma County*, 1985 OK 49, 702 P.2d 48 (affirming the district court's appellate ruling as supported by the clear weight of the evidence). This is essentially the same standard of review used by the appellate court in reviewing the district court's decision in an appeal of an agency decision pursuant to Article II of the Administrative Procedures Act. *See* 75 O.S.2011 §§ 308a to 323; *City of Hugo v. State ex rel. Pub. Emps. Relations Bd.*, 1994 OK 134, 886 P.2d 485.

## ANALYSIS

¶ 7 Two issues are presented by the parties' counter-appeals in this case.

### I. The Authority's Appeal

¶ 8 The Authority argues that the district court erred in failing to grant its motion to dismiss on the basis that Stripling's appeal was filed out of time. The Authority correctly notes that the thirty-day time period specified in section 951(b) for appealing a final agency order to the district court is jurisdictional. *See* 12 Okl.St.Ann.2011 § 951, Oklahoma Comment to 1998 Revision (West 2015) (noting the addition of paragraph "b" to provide a previously unspecified deadline for filing an appeal). *Cf.*, 75 O.S.2011 § 318, and *Conoco, Inc. v. State Dep't of Health*, 1982 OK 94, ¶ 11, 651 P.2d 125 (thirty-day time limit for filing an appeal pursuant to the Administrative Procedures Act is jurisdictional). The Authority concedes that Stripling's original appeal was timely filed in the district court for Tulsa County. Its argument relies on the fact that Stripling filed a new case in Oklahoma County rather than following the procedure for transferring her existing case from Tulsa County as ordered by the Tulsa County district court. It is, however, undisputed that Stripling filed her Oklahoma County case and paid the required filing fees within the thirty-day period specified by the Tulsa County district court. The Authority's argument, therefore, privileges form over substance.

¶ 9 This Court and the district court are required to consider a pleading as its substance dictates, regardless of the name assigned by the filer. "The meaning and effect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author." *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757. Stripling's Oklahoma County petition asserts the same claims and is virtually identical to her Tulsa County petition for review. The district court properly treated Stripling's Oklahoma County petition as a transfer of her Tulsa County case. The Authority recognizes that its jurisdictional argument fails if Stripling's Tulsa County case was effectively transferred to Oklahoma County.[1] The district court's order denying the Authority's motion to dismiss on jurisdictional grounds is affirmed.

### II. Stripling's Appeal

¶ 10 Even though the district court denied the Authority's motion to dismiss, in

---

1. Even if we were to treat Stripling's Oklahoma County filing as instituting a new lawsuit, as the Authority argues, the Authority would not necessarily prevail. The district court has original jurisdiction over constitutional claims like those asserted by Stripling against a State agency. *State ex rel. Bd. of Regents of Univ. of Okla. v. Lucas*, 2013 OK 14, ¶ 32, 297 P.3d 378 (citing *Bowen v. State ex rel. Okla. Real Estate Appraiser Bd.*, 2011 OK 86, ¶ 12, 270 P.3d 133); *Lincoln Bank and Trust Co. v. Okla. Tax Comm'n*, 1992 OK 22, ¶ 8, 827 P.2d 1314 (citing Okla. Const. art. 7, § 7).

part, it granted the Authority's motion pursuant to 12 O.S.2011 § 2012(B)(6), finding that Stripling's petition failed to state a claim on which relief could be granted. Although the procedure applicable to appeals filed pursuant to section 951 is not well developed, we can look to other sources of appellate procedure in the absence of a specific procedural directive. *See Civil Serv. Comm'n of City of Tulsa v. Gresham*, 1982 OK 125, ¶ 22, 653 P.2d 920 (applying "decisional law" in the absence of "statutory specificity" to determine the sufficiency of findings of fact for appellate review). We find that section 2012(B)(6) was unavailable to the Authority.

¶ 11 First, section 2012(B)(6) is part of the Oklahoma Pleading Code, 12 O.S.2011 §§ 2001 through 2056. "The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature . . . ." This is an appeal of an administrative agency order invoking the district court's appellate jurisdiction pursuant to 12 O.S.2011 § 951. With respect to those appeals, "the district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript [of the agency proceeding] and the argument of the respective attorneys thereon." *In re White*, 1960 OK 188, ¶ 8, 355 P.2d 404. Other than the petition, no other pleadings are specifically authorized. *See* 12 O.S.2011 § 951(b). *Cf.*, 75 O.S.2011 §§ 318 and 321 (authorizing only the filing of a petition and briefs in an appeal conducted pursuant to the Administrative Procedures Act).

¶ 12 Second, the Oklahoma Supreme Court Rules can provide guidance when addressing the proper appellate procedure employed in section 951 appeals, where that procedure is not otherwise provided by statute or case law. The Oklahoma Supreme Court Rules "have application" to "review from decisions of [lower] tribunals," like those of the Authority when appealed to the district court. Okla. Sup. Ct. R. 1.1(b), 12 O.S. Supp. 2013, ch. 15, app. 1. In this Court, those rules govern the review of the agency order. *Id.* It would be unorthodox, if not unconstitutional, for the district court to apply one set of appellate procedures and this Court to apply a different set of appellate procedures in

reviewing the same agency order. *See City of Tulsa v. Bd. of Trustees of Police Pension and Ret. Sys.*, 1963 OK 267, ¶ 8, 387 P.2d 255 (quoting *Kearney County v. Hapeman*, 102 Neb. 550, 167 N.W. 792 (Neb. 1918), for the proposition that the law requires that appeals be decided " 'on equal terms and without discrimination' ").

¶ 13 The Supreme Court Rules provide that a party may move to dismiss an appeal, but the grounds for such motions are limited. "An alleged absence of substantive merit will not be regarded by the Court as grounds for dismissal on motion but may be raised in the brief of a party for consideration at the decisional stage." Okla. Sup. Ct. R. 1.6(c)(1), 12 O.S. Supp. 2013, ch. 15, app. 1. The Authority's motion to dismiss addressed Stripling's substantive ability to state a claim for relief; it was not predicated on one of the grounds authorized by Rule 1.6. Further, the Authority's motion and Stripling's response attached certain documents. It cannot be determined from this record whether those documents are contained in or are in addition to the "record" before the Authority and its Contract Review Panel. Permitting use of district court motion practice to supplement the record in the district court is prohibited. *Tuttle v. Pilant*, 1994 OK 141, ¶ 11, 890 P.2d 874. We find support for this conclusion in *Dewey v. State ex rel. Okla. Firefighters Pension & Ret. Sys.*, 2001 OK 40, 28 P.3d 539 (district court lacks authority in an appeal from an administrative agency to re-open the proceedings for enforcement purposes), and *Ricks Exploration v. Okla. Water Res. Bd.*, 1984 OK 73, 695 P.2d 498 (district court may not consider issues not before the agency). District court procedure would, arguably, permit supplementation of the agency record. *See* 12 O.S.2011 § 1031 (permitting the district court to modify its judgments); 12 O.S. 2011 § 2015 (permitting the amendment of pleadings in the district court). *See also State v. One Thousand Two Hundred Sixty-Seven Dollars*, 2006 OK 15, ¶ 23, 131 P.3d 116 (footnotes omitted) (recognizing the statutory and "jurisprudential" prohibitions against use of summary process in juvenile, parental termination and judgment vacation proceedings); *Patterson v. Beall*, 2000 OK 92, ¶ 26, 19 P.3d 839 (holding that use of summary judgment

process is inconsistent with and inapplicable to the legislative scheme establishing district court small claims procedure). Here, the Authority's motion to dismiss transformed this appeal into a "summary process" not authorized by 12 O.S.2011 § 951. Consequently, we find that section 2012(B)(6) of the Oklahoma Pleading Code is unavailable to a party in an appeal of an agency order to the district court pursuant to section 951.

¶ 14 Despite the lack of appellate procedural certainty, the jurisdiction of the district court when reviewing an agency order pursuant to 12 O.S.2011 § 951, is well established. The district court "is limited to considering whether the decision being reviewed should be reversed, vacated or modified." *Tuttle v. Pilant*, 1994 OK 141, ¶ 11, 890 P.2d 874. Stripling's Petition for Review asserts several errors purportedly committed by the Panel and justifying reversal of the Authority's decision to terminate Stripling's SoonerCare contract. The Authority's motion to dismiss addressed only one of those issues, the alleged denial of due process. Further, because this appeal was treated as the review of a motion to dismiss, it was assigned to this Court pursuant to Oklahoma Supreme Court Rule 1.36. As a consequence, this Court did not have the benefit of appellate briefs concerning the merits of Stripling's appeal, to the extent the district court might have entertained such submissions.[2] Because the Authority inserted "civil procedure" into this proceeding rather than relying on "appellate procedure" to test the merits of Stripling's appeal, the district court did not review the Panel's decision pursuant to its appellate jurisdiction granted in 12 O.S.2011 § 951.

■ ¶ 15 Consequently, there is, in this record, no determination by the district court "whether errors of law were committed" by the Panel or whether the Panel's findings "are supported by the clear weight of the evidence." *City of Muskogee v. Grayson*, 1991 OK 101, ¶ 8, 818 P.2d 491. "[I]t is not the duty of the appellate court on review to make first instance determinations of disput-

ed law or fact issues." *Evers v. FSF Overlake Assocs.*, 2003 OK 53, ¶ 18, 77 P.3d 581. That is the rule "in every case—whether in law, equity or on appeal from an administrative body." *Bivins v. State ex rel. Okla. Mem'l Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456. Consequently, we are unable to review the district court's order to determine whether it erred in denying Stripling any relief from the Panel's Order.

## CONCLUSION

¶ 16 The order denying the Authority's motion to dismiss Stripling's appeal based on the asserted untimely filing is affirmed. The order dismissing Stripling's appeal for failure to state a claim is reversed, and Stripling's appeal will proceed on remand pursuant to 12 O.S.2011 § 951 and this Opinion.

¶ 17 **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, C.J., and WISEMAN, P.J., concur.

**2.** In appeals pursuant to the Administrative Procedures Act, appellate briefs are specifically permitted. "The court, upon request, shall hear oral argument and receive written briefs." 75 O.S. 2011 § 321. There is nothing in the statutory language of section 951, or the case law describing the procedure for appeals pursuant to that statute, that is inconsistent with, or would preclude, the district court from accepting and considering briefs.