JANICE NAKAMINE, Appellant-Appellee, *v.* THE BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII, Appellee-Appellant

NO. 7785

(CIVIL NO. 58693)

SEPTEMBER 1, 1982

RICHARDSON, C.J., LUM, PADGETT, HAYASHI, JJ., AND RETIRED JUSTICE MENOR IN PLACE OF ASSOCIATE JUSTICE NAKAMURA, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a document entitled "Conclusions of Law and Order Reversing Decision and Ruling of the Board of Trustees of the Employees' Retirement System of the State of Hawaii" entered in the First Circuit Court as a result of an appeal from a determination by the Board of Trustees to deny Janice Nakamine, appellant-appellee, accidental disability retirement benefits. Because of the incompleteness of the findings and of the record below, we reverse and remand for further proceedings.

Appellant-Appellee Janice Nakamine, while employed as a cook at the Kalihi Waena School in Honolulu, sustained a fall at work on February 17, 1971, resulting in injuries to her. She continued to work until the end of the 1971-72 school year but during the following summer vacation period, certain surgery was performed on her by an orthopedic surgeon, Dr. Norman Nakamura. After the surgery, she continued to suffer pain and did not return to work. On November 10, 1975, the Disability Compensation Division of the Department of Labor and Industrial Relations ruled that she had sustained a work injury on February 17, 1971 and that the nature and location of said injury was "calcific lateral humeral condyle; inter-costal myalgia, left lower chest wall, and psychiatric trauma." It found that she had sustained permanent total disability.

Approximately two months previously, on September 16, 1975, Mrs. Nakamine had applied to the Retirement System for service-connected disability retirement. On May 11, 1976, a medical board of the Employees' Retirement System of the State of Hawaii recommended denial of accidental disability retirement on the ground that it found her disability was not the result of the 1971 work-related accident. On July 27, 1976, the Board notified Mrs. Nakamine that it had accepted the recommendation of the medical board. On August 23, 1976, she filed an appeal from the decision of the medical board. On October 12, 1976, the Board assigned Alfred H. H. Hee as hearing officer in connection with her appeal. Hearings were held before the hearing officer on July 20, 1978 and August 7, 1978. The record contains no explanation of the almost two-year delay between the appointment of the hearing officer and the actual hearings.

On November 20, 1978, the hearing officer issued his recommended decision, adverse to Mrs. Nakamine's claim. However, in

that decision, he found in Finding No. 4, "That appellant has service-connected occupational disability under Section 88-79 of the Hawaii Revised Statutes." On November 21, 1978, Mrs. Nakamine's attorney wrote the hearing officer, pointing out that Finding 4 was inconsistent with the result reached in the decision and on December 1, 1978, Mrs. Nakamine's counsel filed objections to the recommended decision. On December 6, without further hearing, the hearing officer issued his recommended amended decision which reversed his previous finding of service-connected occupational disability under § 88-79.

On December 18, 1978, the Board, according to its Minutes:

Upheld the Recommended Amended Decision of the Hearings Officer and denied service-connected total disability retirement to Janice Nakamine, and if no exceptions are filed, such decision will become final and binding.

Nevertheless, the Board subsequently set April 2, 1979 for a hearing on appellant-appellee's objections to the recommended decision.

Although the decision of the Board of Trustees, allegedly dated July 2, 1979 but served on the appellant July 10, 1979, is not in the record, the notice of appeal filed by Mrs. Nakamine as appellant in the circuit court alleged that those were the dates and that the decision was adverse to her and the Board, in its answer, admitted the same.

On August 2, 1979, Mrs. Nakamine filed her appeal to the Circuit Court of the First Circuit. Hearings on that appeal were held on December 18, 1979 and January 17, 1980. On January 29, 1980, the Conclusions of Law and Order, which are the subject of the appeal here, were entered in the Circuit Court. The operative part of that document, reads as follows:

The Court, from the facts appearing in said Record On Appeal, concludes:

1. Appellee Board of Trustees failed to follow its own procedural rules, particularly Rule 7 thereof, in the processing of Appellant's application for accidental disability retirement benefits under HRS, Chapter 88;

2. Appellee Board of Trustees thereby breached HRS, Chapter 91, and due process;

3. The decision of Appellee Board of Trustees denying

Janice Nakamine accidental disability retirement benefits, therefore, was made upon unlawful procedure, was rendered in violation of constitutional provisions related to due process, and was clearly erroneous, arbitrary, capricious, and characterized by abuse of discretion.

Pursuant to the facts appearing in the Record On Appeal and the foregoing Conclusions of Law,

IT IS HEREBY ORDERED that the decision and ruling of the Board Of Trustees Of The Employees' Retirement System denying Janice Nakamine accidental disability retirement benefits be and it is hereby reversed and the Board Of Trustees is hereby further ordered to award said Janice Nakamine service-connected occupational disability retirement benefits pursuant to HRS § 88-79.

Section 91-14(g), HRS, reads as follows:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In the order below, the court made a specific finding that the Board had violated its Rule 7 which required it to render its decision not more than 30 calendar days after the hearing. There can be no question but that the finding is correct. However, what is lacking is any finding that Appellant-Appellee Janice Nakamine's substantial rights had been prejudiced by the unlawful procedure of rendering the decision late.

The case of *Town v. Land Use Commission*, 55 Haw. 538, 524 P.2d

84 (1974), which has been cited in this regard, came before this court on an appeal from a motion granting a summary judgment in favor of the Land Use Commission and was remanded, among other reasons, for failure of the Commission to follow the mandatory time requirement in rendering its decision. Thus, the question of whether the substantial rights of the appellant in that case had been prejudiced was not reached. The question is before us in this case but the court below made no finding on the matter. Absent such a finding, the statute does not empower any order of reversal or modification.

The order below also made a general finding of failure by the Board of Trustees to follow its procedural rules. We do not know what rules (other than 7(a)) the court found had not been followed. Moreover, again there is lacking any finding as to whether there was prejudice to claimant's substantial rights as a result of the failure to follow those other, unspecified rules.

Appellant-Appellee, in her brief here, has complained about the nearly two-year delay in the holding of a hearing and about a delay in the hearing officer's rendering his decision. The record is silent as to why those delays occurred. There is no finding as to which, if either, side is to blame or as to any prejudice to the substantial rights of Mrs. Nakamine resulting from those delays.

Because the court below reversed the Board's decision solely because of procedural irregularities, it did not pass upon the merits of whether the Board's decision (that the claimant's disability was not service-connected) was clearly erroneous. Thus, there has been no determination that Mrs. Nakamine, the claimant, is entitled to an award because she has a service-connected disability under either §§ 88-77 or 88-79, HRS. Yet, the effect of the order below is to award her service-connected occupational disability retirement benefits pursuant to § 88-79, HRS.

Where an administrative agency, by the failure to follow its rules, prejudices the substantial rights of a party before it, it may be necessary for the court, under the power to modify the decision and order of the agency, to fashion relief appropriately remedying the prejudice caused. However, absent specific findings by the court below (except as to Rule 7(a)) as to exactly what the procedural errors of the agency were; absent specific findings as to what the

prejudice to the substantial rights of the claimant was as a result of those procedural errors; and absent a finding as to whether or not the agency's determination that the claimant's disability was not work-related was clearly erroneous, we cannot say, at this stage of the proceedings, that the remedy afforded in the order below was appropriate.

Accordingly, the order below is reversed and the matter remanded for further proceedings consistent herewith.

*Harriet T. Lewis (Aurelio T. Arnobit, Jr.* on the briefs), Deputy Attorney General, for appellant.

*Herbert R. Takahashi (King, Nakamura & Takahashi* of counsel) for appellee.