Kent L. ANDERSON,
Appellant/Cross–Appellee,

v.

CITY OF LAWTON, Oklahoma,
Appellee/Cross–Appellant.

No. 65291.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 8, 1987.

Joe B. Reeves, Lawton, for appellant/cross-appellee.

Gerald S. Rakes, Lawton, for appellee/cross-appellant.

BAILEY, Judge:

This case comes on for review of the trial court's order reversing the discharge of Appellant Kent L. Anderson (Appellant or Anderson) and reinstatement of Appellant to his position as a Lawton Police officer with full benefits and pay. Prior to his discharge, Appellant had served for seven years as a Lawton Police officer, reaching the rate of master officer. Throughout his years of service, Appellant had always received satisfactory evaluations of his job performance. Apparently, Appellant suffered from a drinking problem, and had received in-patient alcohol abuse treatment in Oklahoma City. Within days of his release from treatment, Appellant, while off-duty, became intoxicated and embroiled in a violent domestic dispute with his wife and child, requiring that other Lawton police officers intervene.

Appellant was thereafter immediately confined under an Emergency Detention Order to the Taliaferro Mental Health Center in Lawton. After further evaluation there, Appellant was given notice of discharge from his employment by the acting Chief of Police for violation of Police Department regulations regarding on-duty alcohol use, rendering an officer unfit for duty, and for actions of police officers bringing discredit upon themselves or the department.[1] At the hearing on the notice of discharge, the City of Lawton (Appellee), through its Personnel Board affirmed the discharge decision.

Appellant sought review of his discharge in the District Court of Comanche County. After a review of the Personnel Board hearing record and accepting exhibits from both parties, on May 21, 1985, the Trial Court notified counsel for the parties of its decision by letter, which was filed the following day. In that letter, the Trial Court made findings of fact and conclusions of law, determining that the City of Lawton had failed to follow its own progressive discipline and termination procedures prescribed by the police officer's employment contract and city ordinance before Appellant's termination.[2]

---

1. The policies of the Lawton Police Department provide:

§ 4.02 GENERAL BEHAVIOR
No member shall act or behave privately or in any official capacity in such a manner as to bring discredit upon himself or this Department.

. . . . .

§ 4.08 USE OF ALCOHOL OR NARCOTICS
Members shall not drink any kind of intoxicating liquors *when on duty,* except in the performance of duty. Members shall not report to duty while under the influence of liquor or drugs, or be unfit for duty because of their use. The odor of alcohol on the breath will be considered presumptive evidence. Members shall not use drugs, narcotics, marijuana unless said drugs or narcotics are prescribed by a physician. Such use and/or possession shall be grounds for dismissal from the Police Department. (Emphasis added.)
The Lawton City Code provides:
(a) The following acts or failures to act on the part of an employee are proper cause for disciplinary action:

. . . . .

(13) Use of drugs or intoxicants *while on duty.* § 17–39.

2. The Lawton City Code also provides:

Sec. 17–40 **Authority to take disciplinary actions.**
(a) No disciplinary action other than a warning shall be taken by anyone below the rank of a division head.
(1) Only a division head (or higher authority) may issue a formal written reprimand.
(2) Only the city manager may levy a disciplinary suspension or initiate an involuntary demotion or termination.
Sec. 17–41 **Corrective action.**
(a) *Warning:* ... The action may be written or oral. In any event, a specific, detailed record should be kept of each warning given the employee.... A warning should precede any of the actions described below.
(b) *Reprimand:* ... a formal record of a serious disciplinary matter ... who has been told that more serious action will be taken unless there is immediate and permanent improvement in the employee's productivity or behavior.
(1) The reprimand must be issued by a division head or higher authority and must be represented and discussed with the employee....
(c) *Suspension* ... the temporary removal and withholding of pay ... to bring about improvement in performance or behavior. An employee may be suspended for two reasons: (1)

The Trial Court also found that the grounds for termination cited, on-duty alcohol consumption and discrediting acts, were not applicable and/or had not been uniformly enforced by the City of Lawton among other police department employees, respectively. Based on these findings, the Trial Court vacated the discharge of Appellant and directed his reinstatement with pay and benefits accrued. The amount of back pay was not then determined, being left to the agreement of the parties or further hearing if necessary.

On June 24, 1985, City of Lawton sought review of the District Court action by Petition for Writ of Certiorari to the Supreme Court of Oklahoma. That appeal proceeding was dismissed by Appellee after the Supreme Court's order to show cause for non-dismissal of the appeal as premature, the issue of amount of back-pay not having been determined. In July, 1985, Appellant made his application for attorney fees, and on September 18 and 19, 1985, the Trial Court denied Appellant attorney fees and entered judgment for back-pay as the parties had agreed. The journal entry of judgment as to the issues of reinstatement, back-pay and attorney fees was filed September 30.

On September 27, 1985, Appellee filed its motion for new trial, which was denied by minute order on October 8. On October 18, 1985, Appellant filed his Petition in Error with this court seeking review of the denial of his application for attorney fees. On November 6, Appellee filed its cross-petition in error, responding to the petition of Appellant and seeking review of the Trial Court's reinstatement of Appellant with pay.

■ In the cross-appeal, Appellee City asserts that the Trial Court embarked in impermissible evidence weighing in its review of the administrative record, and substituted its judgment for that of the City of Lawton Personnel Board. We disagree. The function and standards of review of the District Court in matters such as this are well established:

"... in an appeal such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced.... [I]f upon review, it appears that the decisions of the tribunal, body or officer exercising judicial functions' are contrary to law or contrary to the clear weight of the evidence, the district court may properly render such decision as should have been rendered. (Citations omitted)." *In re White,* 355 P.2d 404, 406 (Okl.1960). Accord, *Civil Service Comm. of City of Tulsa v. Gresham,* 653 P.2d 920, 924 (Okl.1982).

In the *White* case, the Supreme Court applied the same standard of review directly to the findings of the Civil Service Commission, and finding the Commission's actions not against the clear weight of the evidence nor affected by error of law, reversed the Trial Court and reinstated the rulings of the administrative board. *In re White,* 355 P.2d 404, 407. Such an application of the standard for review by the appellate tribunal was also undertaken by the Court of Appeals in *Pittman v. City of Tulsa,* 591 P.2d 339 (Okl.App.1979).

■ We have thus examined the record of the Personnel Board of the City of Lawton under these standards. Nowhere in

---

as a disciplinary measure for some serious violation or repeated lesser offenses and (2) pending investigation of a serious charge.... the individual will be reinstated with full back pay for the period of the individual's suspension if exonerated....

(1) ... All suspensions must be routed through the department director to the city manager for official action. Except for emergency circumstances, the city manager must approve a suspension prior to its becoming effective.

.    .    .    .    .

(d) *Demotion or Discharge:* ... Demotion or discharge should normally be taken only after other procedures have been taken.

(1) ... Action must be routed through the department head to the city manager for approval/disapproval.

.    .    .    .    .

(4) Actions of this nature are to be based on a thorough investigation at the departmental level in conjunction with the personnel department and/or the city manager's office.

the record does it appear that Anderson's termination decision was channeled through the City Manager's office as required by City ordinance. Nor does it appear that the escalating disciplinary procedures anticipated by both City ordinance and the officer's collective bargaining agreement were ever invoked. We believe that the failure of the City to follow its own termination and disciplinary procedures in the firing of Anderson were such errors of law under the standards set forth above as to mandate reversal of Anderson's termination.

■ Testimony elicited at the hearing also revealed that while several other officers of the Lawton Police Department had been involved with either alcoholism or other domestic problems, none had been fired for such involvement, although at least some with such problems had retired, or had been requested to retire. Additionally, and although the evidence of unfitness for duty due to alcoholism was somewhat conflicting, the greater weight of the evidence revealed that although Anderson did, in fact, have a drinking problem, his alcoholism did not affect the performance of his duties as a police officer. This being so, we believe the clear weight of the evidence dictated that Anderson's termination be reversed.

■ Further, we believe the Trial Court, charged with entering the judgment as should have been entered, had the authority to order Anderson's reinstatement with pay. Clearly, the City ordinances anticipate that, at least with regard to suspensions, employees exonerated of serious charges be reinstated with back-pay.[3] Additionally, if the termination was wrongful as the Trial Court determined, and with which decision we agree, the Trial Court has the authority to enter the order that should have been entered. Appellee City asserts that the Trial Court conducted a "de novo" review and that the matter should be remanded to the Personnel Board for the determination of back pay. The Trial Court, however, reviewed only the record, and did not conduct a "de novo" hearing as asserted by Appellee. The order that should have been entered was in fact a reinstatement with pay, and we accordingly reject Appellee City's propositions of error.

■ As to Appellant's prayer for attorney fees, we believe that the Trial Court properly denied the requested relief. This case was not an original action for breach of an employment agreement as in *Quapaw Co. v. Varnell*, 566 P.2d 164 (Okl.App. 1977), and that case is not supportive of Appellant's argument. To the contrary, this case was one for appellate review. Nor is this case akin to the case of *Roberts v. City of Bethany*, 668 P.2d 350 (Okl.App. 1977), cited by Appellee as supportive of the denial, as that case involved an appeal from the grant of a writ of mandamus in a zoning matter. More nearly on point is the case of *Garner v. City of Tulsa*, 651 P.2d 1325 (Okl.1982), wherein plaintiff sought attorney fees in his case for enforcement of a collective bargaining agreement. As in that case, there is no statute or contractual provision allowing attorneys fees before us, and we cannot say that Appellee acted "in bad faith, vexaciously, wantonly, or for oppressive reasons such as to bring this case within the limited exception to the [American] rule ..." *Garner*, 651 P.2d 1325, 1330. We accordingly find no error in the denial of Appellant's prayer for attorney fees.

The orders of the Trial Court reinstating Appellant to his former position with pay, and denying Appellant's prayer for attorney fees are therefore AFFIRMED.

HANSEN, P.J., and HUNTER, J., concur.

---

**3.** See footnote 2.