915 P.2d 1375

**UNIVERSITY OF UTAH HOSPITAL, a wholly owned facility of the state of Utah, Appellant–Cross Appellant on Appeal,**

v.

**BOARD OF COMMISSIONERS OF PAYETTE COUNTY, IDAHO, Respondent–Cross Respondent on Appeal.**

and

**The Catastrophic Health Care Cost Program, Respondent–Cross Respondent on Appeal.**

No. 21534.

Court of Appeals of Idaho.

Feb. 2, 1996.

Petition for Review Denied March 27, 1996.

Penland Munther Boardman, Chartered, Boise, for appellant, University of Utah Hospital. Larry L. Goins argued.

Anna K. Fiedler, Boise, for respondent, Board of Commissioners of Payette County.

Hon. Alan G. Lance, Attorney General; David G. High, Deputy Attorney General (argued), Boise, for respondent, Catastrophic Health Care Cost Program.

PERRY, Judge.

This is an appeal from an order of the district court reversing and remanding a medical indigency claim to the board of commissioners of Payette County. The district court held that the county was primarily obligated for payment of the medical indigency claim, but denied University of Utah Hospital's requests for a money judgment, interest, attorney fees and a declaratory judgment. We affirm.

## I.

### FACTS AND PROCEDURE

Steve Cross was seriously burned in a house fire and immediately transported to University of Utah Hospital for medical treatment. While there, Cross incurred in excess of $180,000 in medical expenses. Cross qualified as medically indigent for payment of services rendered by the hospital. *See* I.C. § 31–3502. Payette County conceded some responsibility for Cross's medical bills, but asserted that the county was only liable for the first $10,000 of the claim. The county paid that amount and a portion thereof went to the University of Utah Hospital. The county argued that, pursuant to state law, the remainder of the claim was apportioned to the Catastrophic Health Care Cost Program (CHCCP). CHCCP was originally financed through funds provided by the counties themselves. Responsibility for the program's funding was eventually transferred to the state. However, for a time, the governor refused to approve legislative funding for the program. When the hospital sought reimbursement for the care of Cross, CHCCP was unfunded and, hence, the hospital could not collect from CHCCP. CHCCP, however, had notified the counties that it was unfunded and that the counties should only pay the $10,000 deductible required by law.

The hospital then sought payment directly from the county for the entire amount, and the board of commissioners denied the claim. The hospital filed an appeal from the decision of the board of commissioners with the district court. As stated in the notice of appeal to the district court, the hospital ostensibly "appeal[ed] from the verbal action" of the CHCCP as well.

The district court issued a memorandum decision and order on July 20, 1994. The district court held that the county was ultimately responsible to pay for the care of the medically indigent. Therefore, the district court reversed the decision of the board of commissioners and remanded the matter for appropriate action consistent with its opinion. The district court refused to review the hospital's claim against CHCCP because it was not raised in the proceeding before the board of commissioners from which the appeal was taken. The district court held that the county, as a governmental unit, could not be charged prejudgment interest due to sovereign immunity. The district court denied attorney fees to both sides. The hospital then sought the entry of an order for a money judgment and requested postjudgment interest. The district court held that Idaho Code Section 67–5279 prohibited the issuance of a money judgment and required the case be remanded so the county commissioners could enter a decision consistent with the district court's appellate ruling. The district court also concluded that the hospital was not entitled to postjudgment interest or attorney fees, but awarded costs to the hospital.

Payette County appealed and the hospital cross-appealed. The Idaho Supreme Court dismissed the county's direct appeal. Now

pending is the cross-appeal by the hospital. The hospital seeks a money judgment, interest, attorney fees and a declaratory judgment.

In 1995, the legislative funding for CHCCP was approved by the governor and the hospital received $173,954 from the program on March 7, 1995, for Cross's expenses.

## II.

### ANALYSIS

The medical indigency statutes, Idaho Code Section 31–3501, *et seq.*, provide a system whereby health care providers may apply to a county for financial assistance after supplying medical care to the poor. The hospital in this case sought such reimbursement from the county. The application was denied by the board of county commissioners. When such an application is denied, the applicant is entitled to judicial review of the decision "in substantially the manner provided in the administrative procedures act." I.C. § 31–3505.

 The Idaho Administrative Procedures Act (IAPA) provides that a party who has been aggrieved by a final agency action may file a petition for review or declaratory judgment in the district court of the appropriate county after exhausting all administrative remedies. I.C. §§ 67–5271, –5272. The reviewing court may not substitute its opinion for that of the administrative hearing officer on questions of fact. I.C. §§ 67–5277, –5279(1). Erroneous conclusions of law made by an agency may be corrected on appeal. *Love v. Board of County Comm'rs of Bingham County*, 105 Idaho 558, 671 P.2d 471 (1983). On further appeal from the district court's appellate determination under the IAPA, this Court reviews the record independently of the district court's decision. *Salinas v. Canyon County*, 117 Idaho 218, 786 P.2d 611 (Ct.App.1990).

### A. MONEY JUDGMENT AND INTEREST

In its appeal to the district court, the hospital sought the entry of a money judgment. The district court found that it lacked the statutory authority to issue a money judgment pursuant to the scope of review provisions of the IAPA. *See* I.C. § 67–5279. The hospital asserts that the district court erred in refusing to enter the judgment.

Prior to 1992, the IAPA followed the language of the Model State Administrative Procedure Act and provided that in reviewing an agency decision the district court could affirm, reverse, remand or modify that decision.[1] Such statutory language in other states has been interpreted to allow the reviewing court to issue orders and judgments. *Anderson v. City of Lawton*, 748 P.2d 53 (Okl.App.1987) (reviewing court could have rendered decision which should have been rendered by the agency); *Nakamine v. Board of Trustees of Employees' Retirement System*, 65 Haw. 251, 649 P.2d 1162 (1982) (trial court may fashion a remedy).

However, the Idaho Legislature amended the IAPA in 1992 and removed the language allowing modification. The new statute provides in part: "If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." The district court reasoned that ordering the entry of a money judgment was not affirming, or setting aside and remanding, the county commissioners' decision

---

1. Idaho Code Section 67–5215(g), which was repealed in 1992, provided:

 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

 (1) in violation of constitutional or statutory provisions;

 (2) in excess of the statutory authority of the agency;

 (3) made upon [un]lawful procedure;

 (4) affected by other error of law;

 (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

 (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

and, hence, was not an available remedy on appeal.

Washington has similarly deviated from the provisions of the Model State Administrative Procedure Act. The pertinent Washington statute provides that the "court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision." Wash.Rev.Code § 34.04.130.[2] When a trial court modified portions of an agency decision, the Washington Court of Appeals found that the trial court lacked the power to do so and was limited to the remedies explicitly provided in the statute. *Skold v. Johnson*, 29 Wash.App. 541, 630 P.2d 456, 461–62 (1981). *See also Whidbey Island Manor, Inc. v. Dep't of Social and Health Services*, 56 Wash.App. 245, 783 P.2d 109 (1989).

We are mindful that in *University of Utah Hospital v. Twin Falls County*, 122 Idaho 1010, 842 P.2d 689 (1992), the Idaho Supreme Court reviewed a case where the district court apparently had rendered a money judgment, ruling on the dispositive legal issue and allowing prejudgment interest. The Supreme Court was not asked to determine whether the district court erred in issuing a judgment when acting in its appellate capacity pursuant to the IAPA. That case was decided, however, prior to the amendment of the scope of review provisions of the IAPA. Therefore, even if the issuance of a money judgment in that case was implicitly found permissible, it does not automatically follow that the IAPA still allows such judgments in light of the subsequent legislative action.

The applicable language in I.C. § 67–5279 specifically limits the remedies available when a district court acts in its appellate capacity. The legislature deleted "modification" from the types of relief authorized by the statute, and thereby further limited the possible remedies available in the district court. Therefore, we hold that the district court correctly determined that it lacked the statutory authority to enter a money judgment against the county.

The hospital acknowledges that under the medical indigency statutes it is required to provide emergency medical care to the medically indigent and that the county is liable for the costs of such treatment. The hospital argues that absent an enforceable order for a money judgment from the district court, county commissioners will continue to refuse to pay the money owed to hospitals, leaving them without any recourse. The hospital has not addressed however, the contempt powers of the district court. Upon remand, if the county had refused to acknowledge the legal rulings and orders of the district court, the hospital could have sought other possible remedies through the contempt powers of the district court.

The hospital also claims a right to pre- and postjudgment interest. In light of our ruling that the district court properly remanded the case for further proceedings, we conclude that the hospital cannot assert a right to pre- or postjudgment interest. No final money judgment was ever entered and the district court lacked the statutory authority to do so. Hence, no interest on the judgment would be appropriate. Therefore, we will not address those claims further.

## B. APPEAL AGAINST CHCCP

The hospital named CHCCP as a party to the proceeding for the first time in its amended notice of appeal to the district court and argued that the CHCCP's manual contained directives and rules which unlawfully infringed on the rights of the hospital. The hospital asked the district court to declare the manual invalid. The hospital complained of the procedures regarding reimbursement for indigents' emergency medical expenses, and CHCCP's instruction to the counties that they need not pay more than $10,000 per claim.

An action for a declaratory judgment, under the IAPA, may be initiated by filing a petition in the district court. I.C. § 67–5272. However, instead of filing a complaint for a declaratory judgment against CHCCP, the hospital purported to assert, in its appeal from the county commissioners' decision, an appeal "from the written instruction" of CHCCP "instructing all county commission-

2. This provision has subsequently been amended and recodified as Wash.Rev.Code § 34.05.570.

ers ... not to pay more than the $10,000 deductible to health care providers." The amended notice of appeal also purported to appeal from CHCCP's "manual issued on August 24, 1993." CHCCP was not a party to the action before the county commissioners and was not named as a party until the hospital's amended notice of appeal. The district court concluded, therefore, that the hospital's request for some type of relief from CHCCP need not be addressed because the issue was not raised before the county commissioners.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). The district court, acting in its appellate capacity, correctly declined to hear issues which were not raised in the proceeding below. The district court also properly ruled that a court in its appellate capacity may not entertain a claim against an entity which was not a party to the action below. Accordingly, we affirm the district court's order dismissing the appeal as against CHCCP.

### C. ATTORNEY FEES

The hospital seeks an award of attorney fees pursuant to 42 U.S.C. § 1988 and I.C. § 12–117. Attorney fees would be appropriate pursuant to section 1988 only if the hospital prevailed on the theory that the "takings" clause of the United States Constitution provided a legitimate claim to prejudgment interest. Based upon our opinion that interest is unawardable under any theory because there is no statutory authority to enter a money judgment, the hospital is not entitled to fees under section 1988.

Idaho Code Section 12–117 provides for reasonable attorney fees attributable to the issues upon which a party prevails in suits against a state agency, city or county. The hospital has not prevailed; and, therefore, it will not be awarded attorney fees.

### III.

### CONCLUSION

The district court, acting in its appellate capacity pursuant to IAPA, did not have the

statutory authority to enter a money judgment. Therefore, it was not error for the district court to refuse to do so. We need not address the merits of the hospital's arguments for pre- and postjudgment interest because no money judgment was issued in this case. Accordingly, we affirm the district court's denial of University of Utah Hospital's request for a judgment and interest. We affirm the district court's dismissal of CHCCP because it was not named as a party in the proceedings before the county commissioners. We award costs to the board of commissioners of Payette County and to CHCCP. No attorney fees are awarded to any party, as the University of Utah Hospital has not prevailed and neither the county nor the CHCCP requested such an award.

WALTERS, C.J., and LANSING, J., concur.