**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000668**
**08-MAY-2026**
**07:59 AM**
**Dkt. 82 SO**

NO. CAAP-23-0000668

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STEWART NORRIE, individually and as Trustee of the Stewart
Norrie Trust, Appellants-Appellants,
v.
MAUI COUNTY BOARD OF VARIANCES AND APPEALS;
JACKY TAKAKURA, in her official capacity as Director of the
Department of Planning for the County of Maui,[1]
DEPARTMENT OF PLANNING, COUNTY OF MAUI,
Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-22-0000042)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

This secondary appeal challenges the revocation of the appellant's bed and breakfast (**B&B**) permit and imposition of a two-year ban on any future B&B permit applications, by Appellees-Appellees Department of Planning, County of Maui

---

[1] Pursuant to Hawai‘i Rules of Appellate Procedure Rule 43(c)(1), Jacky Takakura, the current Director of the Department of Planning for the County of Maui, is automatically substituted as Appellee-Appellee herein in place of Michele Mclean.

(**Department**) and sustained by the Maui County Board of Variances and Appeals (**BVA**) (collectively, **County**). Appellant-Appellant Stewart Norrie (**Norrie**) claims the BVA did not comply with a mandatory 45-day decision deadline in its own rules, and that as a result, the "automatic approval" provision under Hawaii Revised Statutes (**HRS**) § 91-13.5 should apply. We reverse.

Norrie appeals from the September 21, 2023 "Findings of Fact, Conclusions of Law, and Decision & Order" (**Circuit Court Order**) and October 6, 2023 "Final Judgment," both filed and entered by the Circuit Court of the Second Circuit (**Circuit Court**).[2] The Circuit Court Order affirmed the BVA's January 31, 2022 "Findings of Fact, Conclusions of Law, and Decision and Order" (**BVA Order**), which in turn, affirmed the Department's revocation of Norrie's B&B permit (**Permit**) and banned Norrie from future B&B permit applications for two years.

On appeal,[3] Norrie contends that the Circuit Court erred by: **(1)** not deciding "whether the BVA committed reversible error by violating its own rules," specifically the 45-day decision deadline applicable to contested cases under Rules of Practice and Procedure for the BVA (**BVA Rules**) § 12-801-60;[4]

---

[2] The Honorable Kelsey T. Kawano presided.

[3] Norrie's points of error (**POEs**) have been reordered and restated for clarity.

[4] BVA Rule § 12-801-60, entitled "Issuance of decisions and orders," requires adverse decisions and orders in contested cases to be issued within 45 days of oral argument, as follows:

> Every decision and order adverse to a party to the proceeding, rendered by the board in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law. . . . Such decisions and orders in contested cases shall be rendered within forty-five days from the presentation of oral argument by the parties.

(Emphasis added) (internal citations omitted.)

**(2)** "concluding that automatic approval of [Norrie]'s appeal was not required pursuant to HRS § 91-13.5";[5] and **(3)** "rubber stamping the BVA's decision . . . which was made against the evidence in the record."

Upon careful review of the record and the briefs[6] submitted by the parties and having given due consideration to

---

[5] HRS § 91-13.5 (2012), entitled "Maximum time period for business or development related permits, licenses, or approvals; automatic approval; extensions," requires business-related approvals or applications that are not timely decided "within the established maximum period of time" to be automatically approved, as follows:

> (a) Unless otherwise provided by law, an agency shall adopt rules that specify a maximum time period to grant or deny a business or development-related permit, license, or approval . . . .
>
> . . . .
>
> (c) <u>All such issuing agencies shall take action to grant or deny any application</u> for a business or development-related permit, license, <u>or approval within the established maximum period of time, or the application shall be deemed approved</u> [(**automatic approval provision**)] . . . .
>
> . . . .
>
> (g) For purposes of this section, "<u>application for a business or development-related permit, license, or approval</u>" means any state or county application, petition, permit, license, certificate, or any other form of a request for approval required by law to be <u>obtained prior to the</u> formation, <u>operation</u>, or expansion <u>of a commercial</u> or industrial <u>enterprise</u> . . . ."

(Emphases added.)

[6] In February 2026, the parties filed supplemental briefs in response to this court's order, addressing whether this appeal was moot, as the two-year prohibition on Norrie's eligibility for any B&B permit had ended. We conclude that Norrie's appeal is not moot because the "capable of repetition yet evading review" exception applies. See <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 99 Hawaiʻi 191, 197, 53 P.3d 799, 805 (2002) ("[A] court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit." (citation omitted)).

In April 2026, the parties also filed supplemental briefs in response to this court's order, addressing whether the 45-day deadline under BVA Rule § 12-801-60 should be accorded "directory or mandatory effect."

3

the arguments advanced and the issues raised, we resolve Norrie's contentions in the first two POEs, which are dispositive.  We do not reach the third POE.

In 2015, the Department issued a B&B Permit for Norrie's residence in Kīhei, Maui (**Property**), which was renewed in 2018, to expire in 2023.  In 2020, various complaints and alleged violations of permit conditions were made against Norrie's Property, resulting in the issuance of a May 14, 2020 "Revised Notice of Warning and Request to Correct Apparent Violation(s)."

On August 5, 2020, the Department issued its "Two-Year Owner Ban and Revocation of a [B&B] Home Permit" (**Two-Year Ban and Revocation**), revoking Norrie's Permit and prohibiting Norrie from reapplying for a B&B permit "on any property for two years after the date of permit revocation[.]"

On September 3, 2020, Norrie filed an appeal of the Two-Year Ban and Revocation with the BVA.

On September 23, 2021, the BVA held a contested case hearing on Norrie's appeal.  Pertinent to the current appeal before this court, BVA's counsel expressly advised the BVA that it would "need to render [a] decision within 45 days of the close of oral argument"; that the deadline is "important to follow"; but the automatic approval provision would not apply, as follows:

> In terms of [the BVA's] responsibilities, your -- the deadlines are set out in your own rules. So from the close of argument today for this appeal, you would need to render your decision within 45 days of the close of oral argument. So that deadline is important -- important to follow, obviously.
>
> But in terms of, you know, whether or not the deadlines in the Maui County Code are subject to 91-13.5, it is this -- it's -- our opinion is, BVA counsel, that they do not apply to the legislative body in terms of being

4

<u>grounds for an automatic approval of an appeal of a
director's decision.</u>

(Emphases added.)  Following witnesses' testimony regarding the
Permit violations underlying the Two-Year Ban and Revocation,
the BVA could not meet quorum and "deferred" the hearing.

On October 28, 2021, the BVA reconvened and could not
reach a decision.  The BVA "reopened" the hearing for additional
evidence and oral argument.

On November 8, 2021, Norrie filed a "Post Hearing
Brief" (**Post-Hearing Motion**), arguing that BVA Rule § 12-801-60
requires "decisions and orders in contested cases" "be rendered
within forty-five days from the presentation of oral argument by
the parties."  Norrie argued that the reopening of oral argument
was "a ruse to try to avoid the effects of the rules and [BVA's]
own admission that the BVA need[ed] to render the decision
within 45 days of the close of oral argument."  Norrie asserted
that because the BVA did not meet the 45-day deadline, the
appeal should have been automatically approved pursuant to HRS
§ 91-13.5.

On November 10, 2021, the BVA reconvened, heard
additional oral argument, but was again unable to reach a
decision.  The hearing was deferred to November 24, 2021, and
the Department was given leave to file an opposition to Norrie's
Post-Hearing Motion.  The Department's November 22, 2021
opposition argued that HRS § 91-13.5 did "not apply to an appeal
of a revocation," and that Norrie's appeal did not constitute an
"'application' for a 'business or development-related permit,
license or approval.'"  The Department maintained that even if
the automatic approval provision under HRS § 91-13.5 applied, it
was not "triggered in this case" because the BVA "reopened the
hearing for additional oral argument on October 28, 2021."

On November 24, 2021, the BVA reconvened, heard argument on Norrie's Post-Hearing Motion, and conducted further deliberation.

On January 31, 2022, the BVA issued its BVA Order affirming the Two-Year Ban and Revocation, concluding that HRS § 91-13.5 did not apply because "[a]n appeal of a revocation of a B&B Home Permit is not a 'state or county application, petition, permit, license, or any form of a request for approval required by law to be obtained prior to the formation, operation, or expansion of a commercial or industrial enterprise.'"

On February 11, 2022, Norrie appealed the BVA Order to the Circuit Court. Norrie argued, inter alia, that the BVA "illegally" reopened oral argument after the proceeding was "already closed" to meet the 45-day deadline, and the automatic approval provision in HRS § 91-13.5 should have applied.

Following oral argument on June 22, 2022, the Circuit Court entered its September 21, 2023 Circuit Court Order affirming the BVA Order and October 6, 2023 Final Judgment, from which Norrie timely appealed.

"Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal." Allstate Ins. Co. v. Schmidt, 104 Hawai'i 261, 264, 88 P.3d 196, 199 (2004) (citation omitted). "The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) . . . to the agency's decision." Id. (citation omitted). Relevant to this appeal, HRS § 91-14(g)(3) and (4) (2012 & 2016 Supp.), provide that this court "may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the

administrative findings, conclusions, decisions, or orders are . . . (3) [m]ade upon unlawful procedure;" or "(4) [a]ffected by other error of law[.]"

**(1)** Norrie argues that the BVA was required to render a decision within 45 days from September 23, 2021 pursuant to BVA Rule § 12-801-60, but instead "illegally" reopened the presentation of oral argument to "avoid[] the effects of the rules." Norrie contends that even if the reopening was allowed, the BVA Order was rendered "beyond the time limitations."

The County argues, among other things, that because the BVA reopened oral argument, the "45-day period" "did not commence until November 24, 2021 when the [BVA] voted to deny the appeal." (Bolding omitted.) The County asserts that the BVA was only required to "state[] in the record" its decision, which it did that day; and even if the BVA missed the 45-day deadline, "the Governor of Hawaii had signed into law the Twenty-First Proclamation Related To The Covid-19 Emergency on June 7, 2021, which stated that any deadlines may be waived or suspended, to the extent necessary and at the sole discretion of the department or agency[.]"[7]

BVA Rule § 12-801-60 requires a decision and order in a contested case to be "rendered within forty-five days from the presentation of oral argument by the parties."

Here, the parties disagree as to when the 45-day deadline commenced. Assuming arguendo that the BVA's 45-day deadline commenced on the latest hearing date of November 24, 2021, as urged by the County, the BVA still violated BVA Rule § 12-801-60 because the January 31, 2022 BVA Order was beyond 45 days of the November 24, 2021 hearing.

---

[7] The County does not argue that the BVA actually "waived or suspended" the 45-day deadline due to the Covid-19 emergency.

We conclude that the BVA Order did not comply with its own procedure set forth in BVA Rule § 12-801-60, and as such, the BVA's affirmance of the Two-Year Ban and Revocation for Norrie's B&B permit was unlawful.  See HRS § 91-14(g)(3).  The Circuit Court Order erred by not addressing Norrie's challenge in this regard.  See Allstate Ins. Co., 104 Hawaiʻi at 264, 88 P.3d at 199.

**(2)** Norrie argues that because the BVA failed to render a decision within 45 days, the BVA should have automatically granted Norrie's appeal pursuant to HRS § 91-13.5. Norrie contends that the Circuit Court erred by concluding that HRS § 91-13.5 did not apply because the case involved an appeal from a revocation, and not a "state or county application, petition, permit, license, or any other form of a request for approval."  Norrie claims that the "appeal was de facto indispensable to moving forward with an approval necessary to operate the business" and "falls under the definition" of HRS § 91-13.5 because "[a]sking for the reversal of a revocation of a B&B permit is 'any other form of a request prior to the operation,'—otherwise the business cannot proceed without it." (Ellipses omitted.)

The County responds that HRS § 91-13.5 "does not apply" because Norrie "already had a permit prior to filling [sic] th[e] appeal," and Norrie's "appeal was the result of the revocation of an existing permit[.]"  The County relies on Yoshikawa v. City & Cnty. of Honolulu, 542 F.Supp.3d 1099 (D. Haw. 2021), vacated on other grounds, Yoshikawa v. Seguirant, 74 F.4th 1042 (9th Cir. 2023), and Yuen v. Bd. of Appeals of

Cnty. of Haw., No. 29376, 2010 WL 2511181 (Haw. App. June 22, 2010) (mem. op.), but these cases are distinguishable.[8]

"First, the fundamental starting point for statutory interpretation is the language of the statute itself." Barker v. Young, 153 Hawai'i 144, 148, 528 P.3d 217, 221 (2023) (citation omitted). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. (citation omitted).

The plain language of HRS § 91-13.5(g) defines an "application" or "approval" as "any" "county application, . . . permit, . . . or any other form of a request for approval by law to be obtained prior to the formation, operation, or expansion" of the pertinent business. Here, the Two-Year Ban and Revocation involved a permit revocation *during* the operation of an existing business, not "prior" to the formation, operation, or expansion of Norrie's B&B, as subsection (g) specifies. Thus, the automatic approval provision under HRS § 91-13.5 did not apply, and the Circuit Court Order's conclusion that "automatic approval of [Norrie's] appeal was not required pursuant to HRS § 91-13.5," was correct. See HRS § 91-14(g)(4); Allstate Ins. Co., 104 Hawai'i at 264, 88 P.3d at 199.

---

[8] In Yoshikawa, the federal district court held that an appeal to the Honolulu Board of Building Appeals from an adverse order "preventing Plaintiff from continuing work on an *existing* building permit" was not an "application for a business or development-related permit" subject to HRS § 91-13.5. See 542 F.Supp.3d at 1116. Yoshikawa involved a work stoppage order for an existing permit. This case involves a revocation of an existing permit.

In Yuen, this court held that the "variance application" at issue in Yuen was "not required by law" under HRS § 91-13.5(g) because it was "not an obligation imposed on the developer . . . as prerequisite to subdivision." 2010 WL 2511181, at *4 (citation omitted). The B&B permit at issue here is "required by law" to operate a B&B, but Norrie's challenge is not occurring "prior to the formation, operation, or expansion" of Norrie's B&B, for HRS § 91-13.5(g) to be applicable. (Emphasis added.)

9

While we conclude that automatic approval under HRS § 91-13.5 does not apply and affirm the Circuit Court Order in that regard, we address Norrie's argument regarding prejudice from the violation of the 45-day BVA Rules deadline, which the County concedes is mandatory.[9]

Norrie contends that BVA Rule § 12-801-60 should be read as "mandatory" because "[e]very day of delay after the 45-day deadline was a day in which [Norrie] had an unresolved revocation proceeding, unable to plan, unable to secure financing, unable to make business commitments, and was subjected to the legal and reputation harm of an outstanding adverse county action." Norrie argues that his "right to operate a licensed bed and breakfast was directly at stake[,]" and "[t]he delay was not a mere inconvenience, [but] it prolonged the deprivation of a substantial private right to operate a business." Norrie argues that his "financial security and livelihood" were "dependent" upon the BVA's "timely decisions." Norrie further argues that his "ability to operate, plan, and seek judicial review" "remained in limbo without a timely decision[.]"

"Where an administrative agency, by the failure to follow its rules, prejudices the substantial rights of a party before it, it may be necessary for the court, under the power to modify the decision and order of the agency, to fashion relief appropriately remedying the prejudice caused." Martell v. Emp. Retirement Sys., State of Haw., SCWC-22-0000545, slip op. at 17 (Haw. filed May 4, 2026) (quoting Nakamine v. Bd. of Trs. of Emps.' Ret. Sys., 65 Haw. 251, 255, 649 P.2d 1162, 1165 (1982)). HRS § 91-14(g) permits the court to "reverse or modify the

---

[9]    The County stated that, "On the plain language of BVA[] Rule § 12-801-60," the County "does not dispute the 45-day deadline provided in the rule should be accorded mandatory effect."

decision and order" if a petitioner's "substantial rights" are prejudiced.  The BVA Rules do not specify any consequence for the violation of its 45-day deadline in BVA Rule § 12-801-60.  The BVA Rules, however, do set forth the following rule of construction:

> §12-801-4  <u>Construction</u>.  These rules and regulations shall be construed to secure the <u>just and efficient determination of proceedings</u> before the board. These rules and regulations <u>should be read in conjunction</u> with the <u>provisions of the Hawaii Revised Statutes</u>, the charter of the County of Maui and the Maui County Code. . . .

(Emphases added.)  We apply this principle to address the circumstances before us, where the BVA's violation of its own rule deadline did not facilitate its "just and efficient determination" of Norrie's BVA appeal.

Here, we conclude that reversing the BVA's Order upholding the Two-Year Ban and Revocation is warranted as a consequence for the violation of the mandatory deadline and to address the prejudice to Norrie.  Letting the rule violation go without consequence does not promote the goal of "just and efficient" determination, for which the BVA Rules should be construed and applied.  <u>See</u> BVA Rules § 12-801-4.  Moreover, Norrie has articulated prejudice to his financial security interests and consequences to his economic livelihood as a result of the BVA's failure to follow its own rule, which the County does not dispute.  Accordingly, in light of the prejudice to Norrie's substantial rights to operate his B&B that occurred because of the unlawful procedure in this case, we reverse the BVA Order.  <u>See</u> HRS § 91-14(g)(3); <u>Martell</u>, slip op. at 17.

For the foregoing reasons, we reverse the Circuit Court's October 6, 2023 Final Judgment and the September 21,

2023 Circuit Court Order. We also reverse the January 31, 2022 BVA Order under HRS § 91-14(g)(3).

DATED: Honolulu, Hawai'i, May 8, 2026.

On the briefs:

Terrance M. Revere,
for Appellants-Appellants.

Brian A. Bilberry,
Deputy Corporation Counsel,
for Appellee-Appellee
COUNTY OF MAUI.

/s/Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge