2007 OK CIV APP 124

**CITY OF TULSA, Appellant/Counter–Appellee,**

v.

**Bill YOUNGBLOOD, Appellee/Counter–Appellant,**

v.

**William LaFortune, Mayor of the City of Tulsa, Oklahoma, Third–Party Defendant.**

**No. 103,655.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2007.

Rehearing Denied Sept. 21, 2007.

Certiorari Denied Dec. 4, 2007.

---

J. Patrick Cremin, Marshall J. Wells, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Appellant/Counter–Appellee.

F.L. Dunn, III, Tulsa, Oklahoma, for Appellee/Counter–Appellant.

KENNETH L. BUETTNER, Judge.

¶ 1 Appellee/Counter–Appellant Bill Youngblood (Youngblood), a merit employee with the City of Tulsa, applied, but was not selected, for a promotion to the position of purchasing agent. He was the only City of Tulsa employee who applied for the position. He filed a grievance of his non-selection and after a hearing in front of the full Civil Service Commission, was ordered placed in the job. The City of Tulsa (the City) appealed to the District Court which held that the Commission's decision should be affirmed because Youngblood was in the classified service and was the only internal candidate who was certified for the position, but that the Mayor, as the appointing authority should be directed to make the appointment, because the Commission did not have the authority to make appointments. Although the District Court, acting as an appellate court, was correct in stating that the Mayor was the appointing authority, its premise that Youngblood was required to be appointed was incorrect. We therefore reverse.

¶ 2 The personnel policies and procedures were not precisely followed in this case. Nonetheless, once the mistakes were discovered, they were corrected, and the mistakes did not result in prejudice to Youngblood, a senior buyer for the City.

¶ 3 A chronology of the events reveals that Youngblood submitted his application for promotion June 26, 2003 and was interviewed July 9, 2003. This interview resulted in non-selection by the appointing authority, and in a mistaken non-certification by the Personnel Department. On July 13, 2003, an external application was received by the City, and July 24, 2003, Youngblood was notified that he was not selected for the position. On July 24, 2003, the City advertised for external applicants and extended its offer to the one who applied July 13. On August 6, 2003, Youngblood filed a non-certification/non-se-

lection merit grievance for the position of purchasing agent which was resolved in his favor: he was certified and re-interviewed, October 22 and November 18, 2003, even though the external applicant had already begun working in the position. Youngblood was notified January 15, 2004 that he had not been selected for the position. He filed another merit grievance which resulted in a denial of his requested relief. On March 15, 2004, Youngblood appealed to the District Court of Tulsa County, pursuant to 12 O.S. 2001 § 951(a),[1] which found the Commission's order erroneous and remanded the matter to the Commission for a "full hearing" before the Commission. On February 10, 2004, the Commission sustained Youngblood's non-selection grievance and requested City place him in the Purchasing Agent position. The City appealed that decision to the District Court, which is the order on appeal to this court.

¶ 4 The District Court entered its order July 10, 2006 and found (i) the appeal of the City of Tulsa should be denied and the decision of the Civil Service Commission should be upheld[2] and affirmed as thereafter modified; (ii) specifically, Bill Youngblood, a member of the classified service of employees of the City of Tulsa and the only internal candidate certified for the position of Purchasing Agent, in accordance with the Personnel Policies and Procedures, which are derived from the City *Charter*, was entitled to be and should be appointed to said position; (iii) the Mayor, as appointing authority, should be directed to appoint him to said position as the Commission does not have authority to make appointments; and (iv) the matter should be remanded to the Civil Service Commission to modify its decision in accordance with the decision.

1.  12 O.S.2001 § 951(a): A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law.

2.  In part, the Civil Service Commission order entered April 7, 2005, in a 2–1 vote found that the City violated its Charter and Personnel Policies and Procedures and so tainted the process that Youngblood was denied a fair opportunity to compete for the job. It modified its earlier order

¶ 5 On appeal from the District Court's order, City contends that the District Court erred by finding that Youngblood was entitled to be appointed to the Purchasing Agent position by virtue of the fact that he was the only certified internal candidate for the position.[3] We agree that this finding constitutes reversible error.

¶ 6 The Personnel Policies and Procedures Manual § 101 states that "... the goal of the Civil Service Commission is to recruit the most qualified personnel available for positions in the classified service of the City of Tulsa." The Manual details personnel procedures for the City's merit system. Section 113, "Preparation and Use of Eligibility Lists," contains information relative to the question in the present case. Among other things, § 113.3 states that "[C]urrent classified employees who are qualified for the position shall be certified ahead of any other applicants except as provided above [Employees who have been laid off]." Section 113.4 addresses external applicants: "Outside applicants for employment shall be evaluated for qualifications and shall be certified to a position in the event that employees on layoff status or current employees are not selected."

¶ 7 Section 115 states that the Mayor is the appointing authority, with the right to delegate that authority to department heads. Section 115 further states that the appointing authority may select any applicant certified. Also see City Charter, Amended 1989, Effective May 8, 1990, Article III, THE MAYOR, Section 1.4 EXECUTIVE AND ADMINISTRATIVE POWERS AND DUTIES:

> The Mayor shall be the chief executive and administrative officer of the City and shall:
> F.  Appoint, supervise, and remove all officers and employees of the City, except

which was a request that Youngblood be instated in the job to make an order that he be placed in the job, effective August 11, 2003. The Commission then made the statement: "The Commission finds no rules in the City's Personnel Policies and Procedures Manual that limit its judicial function to fashion an appropriate remedy for a grievance for non-certification or non-selection."

3.  City's first proposition of error asks for an affirmance of the District Court's order, which is not an alleged error. We have combined City's second and third propositions of error for discussion.

the employees of the City Auditor, who shall be appointed, supervised, and may be removed by the City Auditor and the employees of the Council, who shall be appointed, supervised, and may be removed by the Council, all subject to the provisions of Articles X and XI of this amended Charter;....

¶ 8 Internal candidates are given preference over external candidates in that they are certified and considered before external candidates. However, the fact that there is only one internal candidate meeting the minimum job requirements does not require that candidate's selection. Because Youngblood was the only applicant certified, i.e., meeting minimum qualifications, once the appointing authority did not select him for the position, the City could evaluate outside applicants for minimum qualifications and certify them for the next step in the process, that is, possible selection by the appointing authority. In this case, Youngblood was interviewed more than once in the selection process. There were specific reasons given by the appointing authority for his non-selection. To *require* his selection, because of a mistake in the process, would not further the Charter's and Manual's goals that all selections be made solely on the basis of merit and fitness.

¶ 9 This discussion also answers Youngblood's counter-appeal, in which he claims the District Court erred in stating that the Civil Service Commission did not have authority to order the Mayor to place Youngblood in the Purchasing Agent position. The Civil Service Commission does not have that authority. The Mayor is the appointing authority and only the Mayor may delegate that authority. The Civil Service Commission cannot order the appointing authority to select any particular person.

¶ 10 We hold that the District Court, on review of the Civil Service Commission Order, committed an error of law in finding that classified employee Youngblood was required to be appointed to the Purchasing Agent position because he was the only internal certified applicant. We also hold that the District Court was correct in determining that the Civil Service Commission overstepped its authority in attempting to order the Mayor to select Youngblood.

¶ 11 Pursuant to *City of Muskogee v. Grayson*, 1991 OK 101, 818 P.2d 491 and 12 O.S.2001 § 951(a), we REVERSE the order of the District Court and REMAND the matter with directions to proceed in conformity with this opinion.

REVERSED AND REMANDED

HANSEN, P.J., and BELL, J., concur.