2008 OK CIV APP 26

Lawton **BRIGHTWELL**, Donald E. Paul, John D. Richardson, Dean L. Nichols, Jr., D. Blaine Parnell, Katherine Holt, Joseph H. Vandiver, Jacqueline R. Barrett, Harry Chichester, Cecil J. Walton, Judy Deatherage, Debra Kilgore and Calvin Williams, Plaintiffs/Appellees,

v.

**CITY OF TULSA**, Oklahoma, a municipal Corporation, William LaFortune, Mayor of the City of Tulsa, and Civil Service Commission, City of Tulsa, Defendants/Appellants.

No. 103,360.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 31, 2007.

Certiorari Denied Feb. 25, 2008.

F.L. Dunn, III, Tulsa, OK, for Plaintiffs/Appellees.

Ellen Hinchee, Senior Assistant City Attorney, The City of Tulsa, Tulsa, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Judge.

¶1 On July 1, 2002, the Mayor of Tulsa, William LaFortune, implemented a 2.7% temporary pay reduction for some City employees to offset a reduction in general fund revenue. On July 1, 2003, the Mayor implemented a continuation of the 2.7% pay reduction and modified it by implementing a new pay reduction that added 2% reduction in pay for a total reduction in pay of 4.7%. The Mayor made the 4.7% pay reduction permanent when he implemented the July 1, 2003 reduction. Plaintiffs/Appellees, classified, non-sworn city employees ("Employees") filed grievances which did not resolve in their favor. An administrative grievance hearing was held August 5, 2003 before a Compensation/Support Division Manager who found that pay plan decisions do not need to be approved by the Civil Service Commission. Employees filed a 12 O.S.2001 § 951 appeal for review of that decision. The District Court reversed. City appeals. We find the District Court abused its discretion and therefore reverse that order and reinstate the decision of the hearing officer.

¶2 During the grievance proceeding, the City presented a letter from the Chair of the Civil Service Commission which denied jurisdiction of the subject matter of the grievance. The letter, read into the record, stated in part:

Please be informed that the issues that you have presented is not within the purview of the Civil Service Commission. Pay and budgetary issues are mayoral and should be filed accordingly. The contents of the grievance filed deals with reduced pay scales and does not constitute a merit grievance as defined by City policy and/or City Charter. The Civil Service Commission has the authority to hear grievances and appeals involving an employee's non-certification, non-selection, suspension, demotion and classification and dismissals. Your grievance contains no merit issues or any other issues that constitute Civil Service jurisdiction. Your request for appeal before the Commission is denied.

¶3 Further, the personnel director, who had thirty-three years experience with the City of Tulsa, stated that demotions had to do with reductions in classification due to discipline. The across the board pay reduction was budgetary, not disciplinary, and therefore a matter for the mayor, not the Civil Service Commission.

¶4 The hearing officer, in denying the grievance, stated at Issue 4: *Implementation of the pay cuts was arbitrary and not approved by the Civil Service Commission.*

This argument asserts that all changes to the pay plans must be reviewed by the Civil Service Commission and that the City was in error by not placing the pay reductions on the Civil Service Agenda. Although the Charter, as indicated above, does state that Civil Service will recommend a pay plan to the Mayor, the way that has been consistently interpreted and carried out is as follows. Civil Service has a general oversight role of the City pay plan as it applies to a system of classifying jobs and as relates to internal equity between classifications in a particular grade. The City regularly enters into classification studies using the HAY methodology of job evaluation. The results of these studies are taken to the Civil Service Commission for their review to ensure a consistent application of the classification system and pay plan. This language has never been interpreted to mean that all pay increases and massive changes to the pay plans (changes from open range system to the combination step/open range system) were approved by the Mayor, not one of these changes ever came before the Civil Service Commission for approval. There is no argument that I can find to support an interpretation of the City Charter involving a requirement that the Civil Service Commission approve a pay plan decision made by the Mayor as it relates to a budgetary issue. Obviously the charter provides a basis for the Civil Service Commission to recommend pay plan changes to the Mayor if the Commission believes it appropriate. However, budgetary issues and pay rates are not a Civil Service Commission authority but a Mayor/Council authority.

¶5 The District Court, however, acting as an appellate court, reversed and held that the 4.7% reduction plan was a pay plan implemented in violation of the Tulsa City Charter and the policies and Procedure of the City of Tulsa. It found the hearing officer's decision against the weight of the evidence and contrary to law. We disagree and reverse the decision of the District Court.

¶6 Pursuant to 12 O.S.2001 § 951, the District Court was limited to reviewing the record of the grievance and hearing argument of counsel. *In re White*, 1960 OK 188, 355 P.2d 404. Further, "... the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced." *Id.* at ¶8, p. 406. The Oklahoma Supreme Court, or the Oklahoma Court of Civil Appeals, when reviewing the record and findings of the district court functioning as an appellate court pursuant to § 951, determines whether district trial court abused its discretion in substituting its opinion for that of the hearing officer. *Id.* at ¶9, p. 407.

¶7 The District Court found the reduction in pay to be part of a pay plan which had to be first considered by the Civil Service Commission. The District Court also criticized paragraph 4 of the hearing officer's decision as being based on information not presented. We find, on the contrary, that the record supports the hearing officer's conclusions and that the informal nature of grievance hearings, such as reading the letter into the record, has its purpose, often leading to dispute resolution at a low and inexpensive level. The record reveals that the grievants and the City were well-prepared and presented their positions fully.

¶8 The order of the District Court is REVERSED and the DENIAL OF THE GRIEVANCE dated August 11, 2003 is REINSTATED.

HANSEN, P.J., concurs in result, and BELL, J., concurs.